# HOLLY DOYLE

## v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 26, 1893.*

1. CRIMINAL LAW—*separate trials—discretion of the court.* A motion for a separate trial in a criminal case is addressed to the sound legal discretion of the court, and its action in denying the motion is not subject to review, unless it appears there was an abuse of that discretion. The general rule is, that parties indicted jointly are to be tried together.

2. SAME—*drunkenness as a defense.* Under our statute drunkenness is no excuse for crime.

3. WITNESS—*credibility of party defendant in criminal case.* The jury are not bound to believe the evidence of a defendant in a criminal case, and may take the fact that he is defendant into consideration, and give his evidence such weight as, under all the circumstances, they may think it entitled to; and an instruction which does no more than call the attention of the jury to that rule is not erroneous.

4. On the trial of several for murder, in which only one of the defendants testified, the court instructed the jury, that while defendants in criminal cases are competent witnesses in their own behalf, their credibility is, by the statute, left to the jury, and that in considering

the amount of credit or value they might give to the testimony of the
defendant testifying, the jury might take into consideration his in-
terest in the case, his desire to avoid punishment for the crime charged,
and all other interests or motives that would likely surround or affect
the testimony of a person similarly situated : *Held*, that the instruction
was proper, and was not obnoxious to the objection that it singled out
the party testifying, by name, and called the attention of the jury to
the fact that the other defendants did not testify in their own behalf.

5. INSTRUCTIONS—*must be based on the evidence.* Instructions are
properly refused when there is no evidence upon which to base them.

WRIT OF ERROR to the Circuit Court of Knox county; the
Hon. JOHN J. GLENN, Judge, presiding.

Mr. J. A. McKENZIE, and Mr. F. F. COOKE, for the plaintiff
in error:

The granting of separate trials is a matter of discretion,
but such discretion is a legal one, and must be exercised with
reason. If there is an abuse in its exercise the discretion
may be reviewed. *Garner* v. *Crenshaw,* 1 Scam. 143; *Mason*
v. *McNamara,* 57 Ill. 274; *Mitchell* v. *Chicago,* 40 id. 174;
*Treutler* v. *Halligan,* 86 id. 39; *Fleming* v. *Jenks,* 22 id. 475;
*Reynolds* v. *Paver,* id. 661; *Aspern* v. *Insurance Co.* 69 id.
542; *Wilson* v. *Genseal,* 113 id. 403; *Hinckley* v. *Dean,* 104
id. 630; *Allen* v. *Hoffman,* 12 Ill. App. 523.

Gross error was committed by calling the jury's attention
to the right of Doyle to testify. *Austin* v. *People,* 102 Ill. 261;
*Baker* v. *People,* 105 id. 452.

Mr. M. T. MOLONEY, Attorney General, for the People:

The granting of a motion for separate trials is a matter of
discretion, not reviewable except for an abuse in its exercise.
*Matin* v. *People,* 15 Ill. 536; *Johnson* v. *People,* 22 id. 314;
*Spies* v. *People,* 122 id. 265; *United States* v. *Marchant,* 12
Wheat. 480; *United States* v. *Wilson,* Bald. 78; *United States*
v. *Gilbert,* 2 Sumn. 19; *Bixby* v. *State,* 6 Ohio, 41; *Hawkins*
v. *State,* 9 Ala. 137; *State* v. *Loper,* 16 Me. 293; *State* v.
*Smith,* 2 Ind. 402.

The instruction of the court did not call the attention of the jury to the right of Doyle to testify, and was not erroneous.

There was no error in instructing the jury as to the credibility of a defendant's testimony. *Hirschman* v. *People,* 101 Ill. 576; *Rider* v. *People,* 110 id. 13; *Smith* v. *People,* 115 id. 17.

Mr. EUGENE W. WELCH, State's Attorney, also for the People :

We contend that separate trials of joint defendants are discretionary with the trial court. *Matin* v. *People,* 15 Ill. 536; *Spies* v. *People,* 122 id. 265.

Instruction No. 12 is supported by *Hirschman* v. *People,* 101 Ill. 516, *Rider* v. *People,* 110 id. 13, and *Bressler* v. *People,* 117 id. 441.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Plaintiff in error, LaFayette and Isaac LeMasters and Frank Wickwire were jointly tried at the June term 1889, of the Knox county circuit court, for the murder of James Eaton, on the 27th day of October, 1888. Plaintiff in error was found guilty of manslaughter, and sentenced to the penitentiary for a period of ten years. The other defendants were acquitted. Doyle prosecutes this writ of error.

The killing is not denied. It is clearly shown by the record that shortly prior to the homicide the deceased and plaintiff in error had engaged in a fight, and afterwards plaintiff in error applied to one or more merchants in Yates City, where the killing occurred, for revolver cartridges, and said to several parties, if they would give him a gun he would "shoot him," but mentioned no name. Just before the homicide plaintiff in error was shot by the deceased, receiving a flesh wound in the neck. The parties were then, for at least a few moments, separated, when Doyle got possession of the same revolver used by deceased, and while the latter was being held by LaFayette LeMasters, one of the other defendants, said,

with an oath, "I have got you now," and fired the fatal shot. We do not deem it necessary to review the evidence at length. A clear case of manslaughter was proved, and the jury would have been justified in inflicting a much severer penalty.

The first error urged on the rulings of the trial court is the refusal to sustain the defendant's motion for a separate trial. That motion was addressed to the sound legal discretion of the court, and its action in denying it is not subject to review here, unless it appears that there was an abuse of that dis-cretion. (*Maton et al.* v. *The People*, 15 Ill. 536; *Johnson et al.* v. *The People*, 22 id. 314.) There is nothing shown in this record to take the case out of the general rule that parties indicted jointly for the commission of a crime are to be tried together.

LaFayette LeMasters was the only defendant who testified in the case. The following instruction was given on behalf of the People:

"The jury are instructed, that while it is true that, under the law of this State, defendants in criminal cases are competent witnesses in their own cases, yet you are instructed that their credibility is left, by the statute, to the considera-tion of the jury; and in considering the amount of credit or value you will give to the testimony of LaFayette LeMasters in this case, you may take into consideration his interest in the case, his desire to avoid punishment for the crime with which he is charged, and all other interests or motives that would likely surround or affect the testimony of a person similarly surrounded or situated."

Counsel for plaintiff in error insist that the giving of this instruction was prejudicial error because it does not treat Le-Masters as other witnesses in the case, but singles him out by name, and because it calls the attention of the jury to the fact that plaintiff in error did not testify in his own behalf. We do not think the instruction subject to either of these criti-cisms. · No other witness occupied the same position as the

one mentioned in the instruction, and it does not apply to him a test of credibility which could have been applied to others. Therefore what was said in *Phœnix Ins. Co.* v. *LaPointe*, 118 Ill. 389, and *Pennsylvania Co.* v. *Versten*, 140 id. 637, has no application. We said in *Bulliner* v. *The People*, 95 Ill. 406: "The jury are not bound to believe the evidence of the defendants, and may take the fact that they are defendants into consideration, and give their evidence such weight as, under all the circumstances, they think it entitled to," and that language was approved in *Chambers* v. *The People*, 105 Ill. 409. The instruction in question does no more than call the attention of the jury to that rule. How it can be seriously contended that this instruction calls attention to the fact that plaintiff in error did not testify, we are at a loss to perceive. No mention or reference whatever is made to that fact.

The thirteenth and fourteenth instructions asked on behalf of plaintiff in error were refused. They each assume that the mental condition of the defendant at the time of the homicide was an issue in the case. Waiving all other objections to each of these instructions, they were very properly refused upon the ground that there was no evidence whatever upon which to base them. It would be mockery, under the evidence in this record, to attempt to excuse or mitigate the killing on the ground of the defendant's insanity. A sufficient answer to all the argument attempted to be adduced in favor of such a proposition is, that under our statute drunkenness is no excuse for a crime.

Some objections are urged to the fourth instruction given on behalf of the People, but we think they are without force.

We find no substantial error in this record. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*