## Julius Lemen v. The People of the State of Illinois.

1. VERDICT—*what must appear before court will disturb, in criminal case.*    In a criminal case, as in a civil one, the credibility of witnesses and the probative effect of evidence is matter for the consideration of the jury, and their finding and conclusions upon questions of fact must control, unless the court is able to

say that the verdict is so manifestly against the weight of the evi-
dence as to impeach the integrity, motive or intelligence of the
jury, in such degree, that, in justice, it ought to be set aside and a
new trial granted.

2. INSTRUCTION—*as to credibility of defendant in criminal case
approved.* An instruction is good in a criminal case by which
the jury is told that the credibility of the defendant as a witness
in his own behalf is left by statute to the consideration of the jury
and that the jury "may take into consideration his interest in the
case and his desire to avoid punishment for the crime with which
he is charged."

3. ASSAULT—*when verdict in prosecution for, not fatally de-
fective.* An instruction as to the form of the verdict which should
be rendered in the event of a finding of guilty, and the form of the
verdict itself, in a prosecution for assault, in omitting the element
of "no considerable provocation appearing," are not fatally defective
where the sole defense interposed was that of alibi and no conten-
tion was made that the defendant did act under provocation.

Criminal prosecution for assault. Error to the Circuit Court of
St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding.
Heard in this court at the August term, 1906. Affirmed. Opinion
filed March 15, 1907. .

WINKELMANN, OGLE & BAER, for plaintiff in error.

F. J. TECKLENBURG, for defendant in error; LOUIS KLIN-
GEL, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

Julius Lemen was indicted by the grand jury of St.
Clair county and at the January term, 1906, of the Circuit
Court, was tried and convicted of an assault upon Josie
Voisen with a deadly weapon with intent to do bodily injury,
and was sentenced to pay a fine of $200.

It appears from the evidence that the prosecuting witness,
Josie Voisen, a widow, living with two minor daughters near
the highway between Troy and O'Fallon in St. Clair county,
on the evening of December 17, 1905, while in company with
one Detienne, was shot by some one concealed in the woods
or brush near the road and opposite to the house where Mrs.
Voisen lived.   The weapon was a shot-gun and fourteen of

the shot struck Mrs. Voisen, lodging in the knee, hip and arm. This occurred about 9:30 on Sunday evening. Detienne was there to call upon Mrs. Voisen and was about to leave. She came out upon the front porch with him, and while standing there heard a noise in the brush across the road and called Detienne's attention to it, and asked him for his revolver. This he gave to her and she fired two shots in the direction of the noise, handed the revolver back to Detienne, who then fired three more shots in the same direction. They then started across the road to investigate. When about the middle of the road, two shots in rapid succession were fired from the edge of the timber, and Mrs. Voisen was struck as above stated. Mrs. Voisen and Detienne both testify that immediately after the discharge of the shot-gun, the defendant, Julius Lemen, stepped from behind a tree and ran down the road, and that Detienne shot at him three times. The defendant denied that he did the shooting and testified that he was at home all that evening. Other witnesses were called in proof of an alibi.

Plaintiff in error complains that the verdict and judgment are contrary to the law and evidence, that the court erred in giving instructions, in overruling motion for new trial and the motion in arrest of judgment.

The first point in plaintiff's argument is upon the sufficiency of the evidence to warrant the verdict, and to that we also give first consideration. We recognize the distinction between a civil and a criminal case in respect to the degree or quantity of evidence necessary to justify a verdict, and upon review, in a criminal case, where the weight and sufficiency of the evidence is brought into question, the court should keep in mind that a conviction ought not to stand unless the evidence is such, if credible, that a jury may reasonably conclude the defendant's guilt beyond a reasonable doubt. But it is also to be borne in mind, that in a criminal as in a civil case, the credibility of witnesses and the probative effect of evidence is matter for the consideration of the jury, and their finding and conclusion upon questions of fact, must control, unless the court is able to say that the

verdict is so manifestly against the weight of evidence as to impeach the integrity, motive or intelligence of the jury, in such degree, that, in justice, it ought to be set aside and a new trial granted. Under the evidence in this case, as it appears in the record, we are not prepared to say that the jury was not warranted in finding the defendant guilty. Mrs. Voisen and Detienne are positive in their testimony of identifying the defendant. They were well acquainted with him, had known him intimately for years, and they both swear, that though it was a dark night, they saw the defendant 45 feet away, and recognized him by his dress and peculiar walk and movement, as he left the timber and went down the road. The prior relationship between the defendant and Mrs. Voisen, and other circumstances appearing in evidence, tend to support the conclusion reached by the jury, that it was the defendant who fired the shot by which Mrs. Voisen was injured. If these witnesses told the truth, the evidence warrants a conviction. If the defendant, in denial, told the truth and established an alibi, he should have been acquitted. To discredit the testimony of the prosecuting witnesses, considerable stress is put upon the fact that the night was dark, and from this it is insisted, that the witnesses, who swear to identification, are not to be credited. All that is now said upon that point was doubtless presented to the jury, who by reason of seeing and hearing the witnesses, with opportunity to observe their appearance on the stand, and their manner of testifying, were better able to judge of the truthfulness and credibility of the testimony given than are we without such opportunity. Whether and to what extent the darkness of the night prevented the identification of defendant, depended upon the distance from the witness, the degree of darkness, and other conditions present at the time, all of which were to be considered, and which we must suppose were fairly considered by the jury in the trial of the case. The defendant denies the charge, not directly, but inferentially only, by the testimony of himself and others to the effect, that he was at home at the time and therefore could not have been the man who did the shooting

and was seen by Mrs. Voisen and Detienne.   In other words, he relies upon an alibi, which, when proven, or where the evidence in support is sufficient to create in the minds of the jury a reasonable doubt as to the defendant's guilt, is a valid and substantial defense, and when proven as indicated, entitles the defendant to an acquittal.   Whether the evidence established an alibi in this case, or whether it was sufficient to raise a reasonable doubt of the defendant's guilt, was a question for the jury, and their conclusion from the evidence in the case, we are not inclined to disturb, unless there was error, prejudicial to the defendant's right to a fair trial, in the proceedings by which a verdict was obtained.

Complaint is made of the people's fourth instruction by which the jury are told that the credibility of the defendant, as a witness in his own behalf, is left by statute to the consideration of the jury, and that the jury "may take into consideration his interest in the case, and his desire to avoid punishment for the crime with which he is charged."   While the statute does not in terms expressly leave to the jury the credibility of the testimony of the defendant, such is the effect of the statute which permits him to testify in his own behalf.   Both points made in objection to this instruction are met by the opinion in Doyle v. People, 147 Ill., 397. Objections to the ninth instruction as to the form of the verdict, and the verdict of the jury in conformity therewith, may be considered together.   The instruction is as follows:

"9. The court instructs the jury that if you find the defendant guilty from the evidence beyond a reasonable doubt of an assault with a deadly weapon with intent to do a bodily injury, and that he is of the age of ten years and upwards, then the form of your verdict may be as follows, to-wit: 'We, the jury, find the defendant Julius Lemen guilty of assault with a deadly weapon with intent to do a bodily injury, as charged in the indictment, and we find the age of the defendant to be ———— years."

The verdict returned was in form as instructed, with defendant's age supplied.   It is contended that in the form

given and the verdict returned one element of the offense charged by the indictment is omitted, viz.: "The circumstances of the assault showing then and there an abandoned and malignant heart," as found in the third and fourth counts or, "no considerable provocation appearing" as found in fifth and sixth counts. It is to be observed that while the instruction is defective and under a different state of facts might have been misleading and prejudicial, requiring a reversal of the judgment, yet under the issues and the evidence in this case, we are persuaded that the defendant was in no wise prejudiced by it. There was no contention or evidence offered on the trial, that the defendant acted under provocation, considerable or otherwise, his sole and only defense being, that he was not at the place when and where the alleged assault was committed, and therefore could not have been and was not guilty. The instruction was as to the form of the verdict, and though it did not purport to do so, should have included the conditions defining the offense as found in the indictment and the statute. It is not probable that the jury were misled by it, for, by other instructions given in behalf of the people, the jury was fully and correctly informed as to all the necessary facts to be proven beyond a reasonable doubt, before a verdict of guilty could be found. All the instructions offered by the defendant were given, so that defendant may not now complain of any omission to instruct more fully and specifically as to any issue in the case. What has been said of the instruction applies to the verdict. It is deficient in form, but upon this record may be taken as effective under the second, third, fifth and sixth counts of the indictment. The issue in the case being whether or not the defendant is guilty in manner and form as charged in the indictment, and the jury by their verdict having so found, and finding no error in the proceedings, prejudicial to the rights of the defendant, the verdict should stand. The judgment will therefore be affirmed.

*Affirmed.*