State v. Moss, 24 N. M. 59.

[No. 2142, April 8, 1918.]
# STATE v. MOSS.

## SYLLABUS BY THE COURT.

1. Mutual combat is one into which the parties enter willingly, and an instruction on mutual combat is properly refused where the evidence does not warrant the same.  P. 61

2. A verdict of guilty of murder in the second degree will not be set aside because the court erroneously instructed the jury on the subject of involuntary manslaughter.  P. 62

3. The jury in a criminal case is not bound to believe the evidence of a defendant, and may properly take the fact that he is the defendant into consideration, and give his evidence such weight as, under all the circumstances, it may think him entitled to, and an instruction that does no more than call the attention of the jury to this rule is not erroneous.
P. 63

4. It is not error for the court to define a deadly weapon in the terms of the statute.  P. 64

5. Instruction given by the court, as to credibility of witnesses, approved.  P. 64

6. It is proper for the court to instruct the jury that the remarks of counsel are not to be regarded as evidence, and that their verdict must be founded solely upon the evidence and the law as given it by the court.  P. 65

7. The court properly refused to instruct the jury that, if a person has reason to expect an unlawful attack, he has a legal right to arm himself to resist such attack.  P. 66

Appeal from District Court, Chaves County; Richardson, Judge.

George B. Moss was convicted of murder in the second degree, and he appeals. Affirmed.

O. O. ASKREN, of Roswell, and A. W. HOCKENHULL, of Clovis, (DAN M. JACKSON, of El Paso, Tex., of counsel) for appellant.

State v. Moss, 24 N. M. 59.

Court should have given requested instruction on mutual combat.

Whart. on Homicide, Sec. 167, 175; 21 Cyc. 1059, 1053, 1032; Michie on Homicide, 1488; Seldon v. State, 18 S. W. 459.

Instruction pointing out defendant as a witness is error.

Sec. 2796, Code 1915; Terr. v. Romine, 2 N. M. 114; (New Mexico cases cited, distinguished.) Buckley v. State, 62 Miss. 705; State v. Bartlett, 19 L. R. A. (N. S.) 802; Harrell v. State, 40 S. W. 799; Williams v. State, 40 S. W. 801; Penny v. State, 42 S. W. 297; Oliver v. State, 42 S. W. 554; Shields v. State, 44 S. W. 844; Housh v. State, 61 N. W. 573.

Error to assume in instructions that instrument used in causing death was a deadly weapon.

2 Michie on Homicide, 1506; 21 Cyc. 1034; 13 Stand. Enc. of P. 854; 21 Cyc. 1045; Brooks v. State, 60 S. W. 53; 21 Cyc. 1027.

Instruction that arguments of counsel shall not be regarded as evidence is erroneous.

Art. 11, Sec. 14, State Const.; 2 Stand. Enc. of Pro. 828; Gibson v. State, 7 So. 376; Wiggins v. State, 29 S. E. 26; People v. Ambach, 93 N. E. 310; Spicer v. State, 105 S. W. 813; Reeves v. State, 31 S. W. 382; 1 Haynes New Trial & App. 635; Terr. v. Miera, 81 Pac. 589; 1 Thomp. on Trials, Sec. 920.

Requested instruction as to right of defendant to arm himself was improperly refused.

Sec. 6, Art. 2, State Const.; Sec. 1701, Code 1915; State v. Bone, 87 N. W. 507.

C. A. HATCH, Assistant Attorney General, for the State.

State v. Moss, 24 N. M. 59.

The defendant cannot complain because he was convicted of a higher offense than that of which complaint is made.

State v. Risley, 136 Mo. 137, S. W. 823; State v. Bell, 136 Mo. 120, 37 S. W. 823; State v. Brown, 145 Mo. 680, 47 S. W. 789; Alexander v. State, 40 Tex. Criminal Appeals, 395, 49 S. W. 229; State v. Grey, 46 Ore. 24, 79 Pac. 53; Green v. Commonwealth, 26 Ky. L. Rep. 121, 83 S. W. 638; People v. Woods, 147 Cal. 265, 81 Pac. 652, 109 Amer. State Reps. 151; People v. Chaves, 122 Cal. 135, 54 Pac. 596; Crowder v. State, 180 S. W. 706, a Texas case not reported in the State Reports; Gannon v. People, 127 Ill. 507 2, N. E. 525, 11 Amer. State Reps. 147.

Instruction regarding defendant as a witness was correct.

Terr. v. Gonzales, 11 N. M. 304; Faulkner v. Terr., 6 N. M. 464; Terr. v. Taylor, 11 N. M. 588; 12 Cyc. 638; People v. Herrick, 26 N. W. 767; Smith v. State, 24 So. 55; State v. Moelchem, 5 N. W. 186; State v. Morrison, 16 S. W. 492; State v. Brown, 115 S. W. 967.

Requested instruction as to right to arm was erroneous.

People v. Hurtado, 63 Cal. 288; State v. Yourex, 76 Pac. 203.

### OPINION OF THE COURT.

ROBERTS, J. On change of venue from Curry county appellant was tried and found guilty of murder in the second degree by a jury in the district court of Chaves county. From the judgment imposing sentence he appeals.

[1] The first ground upon which he relies for a reversal in this court is alleged error in the refusal by the trial court to give his requested instructions numbered 6 and 7 on the subject of mutual combat. There was no error in refusing to give the requested instructions, because they were not justified by the evidence.

"A mutual combat is one into which the parties enter willingly" (Vol. 5 Words and Phrases, p. 4648); or "is the mutual intent to fight" (Tate v. State, 46 Ga. 148).

The evidence in this case on the part of the state shows an unprovoked and malicious assault upon the deceased by appellant; that he was attacked and stabbed in the side by appellant while he was bending over a barrel, rolling it into the saloon. On the part of the appellant his testimony was to the effect that as he started to enter the saloon the deceased was standing inside the door and struck him a violent blow on the head with his fist, felling him to the floor; that deceased thereupon pounced upon him and began beating him, and told him that he intended to cut his heart out, or words to that effect; whereupon appellant succeeded in getting his knife out of his pocket and stabbed the deceased. Thus it will be seen that there was no evidence of mutual combat, and the instructions were properly refused.

[2] Appellant complains of the court's charge relative to involuntary manslaughter, and says there was no evidence whatsoever to support such instruction. Appellant's counsel admit that they are familiar with the general rule that it is not error to charge upon a lower degree of homicide than the one upon which the appellant is convicted. In avoidance of this general rule, appellant contends that the instruction as to involuntary manslaughter depreciated from that of voluntary manslaughter, and the jury was confused thereby to the prejudice of the appellant. They do not point out how this instruction could have depreciated that of voluntary manslaughter, and we are unable to see how it could have been misleading to the jury. Under the instructions given regarding voluntary manslaughter, the jury could have found the defendant guilty in this degree of homicide had it deemed the facts warranted it. It is well settled that instructions favorable to the accused are never ground for reversal of a verdict for conviction; hence one who has been convicted

of a superior grade of culpable homicide can have no benefit from the fact that the court gave the jury a charge in respect to an inferior grade. A verdict of guilty of murder in the second degree will not be set aside because the trial court erroneously instructed the jury on the subject of involuntary manslaughter. 13 R. C. L. (Homicide) 238. For this reason appellant cannot complain of the instruction.

The sixteenth instruction given by the court was as follows:

"You are instructed that the defendant is a competent witness in his own behalf, and when he offered himself as a witness in this case he became as any other witness, and his credibility is to be tested by and subject to the same tests as are applied to any other witness. In determining the degree of credibility that should be given to the testimony of the defendant, the jury have a right to take into consideration the fact that he is interested in the result of the prosecution, as well as his demeanor and conduct on the witness stand, and you may take into consideration all the facts and circumstances proved in the case tending to corroborate or contradict the testimony given by the defendant."

[3] Appellant says that this instruction was prejudicial in that it singled him out and called the jury's special attention to his interest in the case. The jury in a criminal case is not bound to believe the evidence of a defendant, and may properly take the fact that he is the defendant into consideration, and give his evidence such weight as, under all the circumstances, it may think him entitled to, and an instruction that does no more than call the attention of the jury to this rule is not erroneous. Doyle v. People, 147 Ill. 394, 35 N. E. 372; Lemen v. People, 133 Ill. App. 295. An instruction similar to the one in question was upheld by the territorial Supreme Court in the case of Territory v. Taylor, 11 N. M. 588, 71 Pac. 489, and is supported by the cases of Territory v. Gonzales, 11 N. M. 301, 68 Pac. 925; Faulkner v. Territory, 6 N. M. 464, 30 Pac. 905; and Territory v. Romine, 2 N. M. 114. Appended to the case of State v. Bartlett, 50 Or. 440, 93 Pac. 243, 19 L.

R. A. (N. S.) 802, 126 Am. St. Rep. 751, will be found
an interesting note on this question. The great weight
of authority upholds the giving of such an instruction.
We see no reason for departing from the well-establish-
ed rule in this jurisdiction, and therefore hold that the
instruction in question was proper.

[4] Complaint is made of the action of the court
in giving instruction numbered 25, in which the court
defined a deadly weapon in the terms of the statute.
In the case of State v. Dickens, 165 Pac. 850, a similar
question was presented, and we held that it was not
error for the court in instructing the jury to define a
deadly weapon in the terms of the statute. We see no
reason for departing from the rule there announced.

[5] The court's instruction numbered 29 was as
follows:

> "You are instructed that it is for you to determine what
> part of the evidence is true and what part of it, if any, is
> false. In case you find a conflict in the evidence to such
> an extent that you cannot believe it all, you should believe
> such evidence as you are satisfied is true, and reject such
> as you believe to be false. If you believe that any witness
> in this case has testified knowingly and willfully falsely as
> to any material matter in issue in this case, you have a
> right to disregard all or any portion of the testimony of such
> witness, unless you further believe the testimony of such
> witness to be corroborated by other credible evidence in the
> case which you believe to be true."

Appellant says that the giving of this instruction was
error in that it was an erroneous statement of the law
as to the weight and credit of the evidence in the case to
be given by the jury, and was an erroneous statement
of the law as to the extent the jury should believe the
evidence; that it invaded the province of the jury, in
that it was a comment to the jury on the weight of the
credibility of a witness, in this: that the jury was told
in the last paragraph of said instruction that, even
though it might believe a witness in the case had testi-
fied knowingly and willfully falsely as to any material
matter in issue in the case, it had a right to disregard

all or any portion of the testimony of such witness unless it further believed the testimony of such witness was corroborated by other credible evidence in the case which it believed to be true. A careful reading of the above instruction will show that the court simply told the jury, if it believed a witness had testified falsely to any material issue, it could disregard all or any portion of his testimony unless it further believed such testimony was corroborated by credible evidence, which it believed to be true. In other words, the jury was told if it believed a witness had testified falsely to some material fact, yet if other parts of his testimony is corroborated by evidence it believed to be true, it need not, because of his false testimony in the one instance, disbelieve the rest of his testimony. The court did not instruct the jury in any sense, nor did it tell it to believe false testimony. This form of instruction has been approved by the various courts. In the case of Territory v. Garcia, 12 N. M. 87, 75 Pac. 34, the following instruction was approved by the territorial court:

"The court instructs you that you are the sole judges of the weight of the evidence and of the credibility of the witnesses; and, if you believe from the evidence that any witness has willfully sworn falsely as to any material fact in this case, you may, unless the same is corroborated by other credible evidence, or facts and circumstances in evidence, disregard the whole or any part of the testimony of such witness; and in passing on the credibility of any witness, or the weight to be given to his testimony, you may consider his manner and conduct upon the stand, his means of knowledge, the relationship of the parties, if any, and the interest that he may have in the result of the case."

In the case of State v. Goff, 71 Or. 352, 142 Pac. 564, the question was fully discussed and the giving of a similar instruction approved. We see no error in the giving of this instruction.

[6] The next point relied upon is that the court was in error in giving instruction numbered 13, reading as follows:

"The arguments of council are not evidence in the case, and you are to depend for the evidence upon your own memories and not upon statements of counsel. Nor are their statements of the law to be taken as correct if in conflict with that given you by the court. In deciding this case you should not consider as evidence the statements of counsel made in your presence nor the testimony which may have been ruled out or withdrawn from your consideration by the court, nor should you conjecture what would have been the answers to questions which the court may have ruled could not be answered."

A similar instruction was approved by the territorial Supreme Court in the case of Miera v. Territory, 13 N. M. 192, 81 Pac. 586. It is proper for the court to instruct the jury that the remarks of counsel are not to be regarded as evidence, and that its verdict must be founded solely on the evidence and the law as given by the court.

[7] It is next urged that the court erred in refusing to give requested instruction numbered 10, to the effect that, if a person has reason to expect an unlawful attack, he has a legal right to arm himself to resist such attack. This instruction was properly refused, as it does not state the law correctly. One does not have the right to arm himself with a deadly weapon for the purpose of resisting an attack, unless he has just grounds to believe that the anticipated attack will be of such a character as to endanger life.

Appellant lastly urges that because the court refused to give his requested instruction numbered 8, to the effect that the burden of proof never shifted, he was thereby required to prove excuse or justification, and the burden of proof shifted. Several authorities are cited to the effect that the burden of proof is upon the state to establish the guilt of the defendant beyond a reasonable doubt. There is no question but that the state is required to prove the defendant guilty beyond a reasonable doubt. But we have carefully examined the court's instructions, and fail to find a single one which indicated in the slightest degree that the burden was placed upon the defendant. Paragraph 4 of the court's general charge is as follows:

State v. Moss, 24 N. M. 59.

"If you believe that each and all of the material allegations of the indictment, as just outlined to you, have been established by the evidence to your satisfaction and beyond a reasonable doubt, then you should find the defendant guilty as charged in the indictment.

"If, on the other hand, you have a reasonable doubt as to the truth of any one or all the material allegations of the indictment, as just outlined to you, then and in that case you will find the defendant not guilty."

Paragraph numbered 14 of the court's general charge is as follows:

"The law presumes that any person charged with a crime is innocent until his guilt is established by the evidence beyond a reasonable doubt; to the benefit of this presumption the defendant is entitled to and it stands as his sufficient protection until it has been removed by facts establishing his guilt beyond a reasonable doubt."

In numerous places throughout the charge the term of "reasonable doubt" is used. Paragraph number 24 of the general charge given the jury is that you cannot find the defendant guilty unless from all the evidence you believe him guilty beyond a reasonable doubt. We see nothing in the charge anywhere to justify the statement that defendant was required to prove excuse or justification. His purported defense, that of self-defense, was fully and correctly explained to the jury. Taking the charge as a whole, it cannot be said that there is anything which led the jury to believe that it could convict him on any evidence less than was sufficient to establish the defendant's guilt in their minds beyond a reasonable doubt. In view of the court's general charge and the instructions referred to, we conclude the requested instruction was fully covered by the court's charge, and defendant had the benefit of everything that he requested in such instruction. We therefore think the court committed no error in refusing this instruction.

For the reasons stated, the judgment must be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.