430 P.2d 863

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy Joe COCHRAN, Defendant-Appellant.**

No. 8263.

Supreme Court of New Mexico.

June 19, 1967.

Rehearing Denied Aug. 30, 1967.

Richard F. Rowley, II, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Judge, Court of Appeals.

Defendant Cochran was convicted of voluntary manslaughter and this appeal follows. Several grounds are urged for reversal. The decisive issue is whether the trial court committed prejudicial error in refusing to give a requested instruction relating to one's right to arm himself in anticipation of danger.

Briefly stated, the facts show that during the early morning hours of December 16, 1965, defendant Cochran, the deceased Hays and others were engaged in a poker game at a house on Tennessee Street in Clovis, New Mexico. Immediately following the game the deceased became angry with defendant, cursed him, threatened to kill him and fired three pistol shots close to his head.

After firing the shots deceased took defendant's money which was on a table nearby and likewise took a pistol which defendant had upon his person. At defendant's request the deceased, after unloading the pistol which he had taken from defendant, returned it to him. At this time defendant left the house and went to a motel where he met two persons with whom he planned to return to the house on Tennessee Street and continue the poker game.

After reloading his pistol defendant returned to the house on Tennessee Street and parked his automobile in the proximity of deceased's automobile. While defendant was absent from the house on Tennessee Street the deceased obtained a shotgun, loaded it, went out of the house and placed it between the front seats of his automobile. He, together with other persons were in or near deceased's automobile at the time the defendant arrived.

The testimony is conflicting as to the occurrences which immediately preceded the

homicide. Defendant's version is that after he had parked his automobile near the deceased's car and was standing outside of his vehicle the deceased then threatened to kill him with the shotgun. Defendant described the incident as follows: "The man was going to kill me, he had a shotgun at this time. * * * I had made two or three steps toward the gate I looked back the shotgun was on me, I fired and I started toward the car, when I fired the first time I looked, the gun was in his hand, I thought about getting that door and slamming the door, then you can run; I took two or three steps toward the door, I looked and the gun was right in my face and I fired again and again."

At the conclusion of the evidence defendant tendered an instruction purporting to set forth the right of a person to arm himself in anticipation of an attack reasonably believed to be imminent and of such character to endanger his life or limb, or cause him serious bodily harm. The request was refused and no other instruction involving the same principle was given. No contention is made that the requested instruction embodies an incorrect statement of law.

Appellee undertakes to justify the court's refusal on the ground that the issues presented by the evidence did not warrant the charge.

We have reviewed the evidence and in our opinion a substantial conflict is present as to whether the dispute between defendant and deceased was over when defendant returned to the house on Tennessee Street. The evidence, in our opinion, would justify a conclusion that defendant had reasonable ground to anticipate an attack by the deceased of such character as to endanger his life **or** cause him serious bodily injury. The following portion of defendant's testimony is pertinent:

"Question: Did you load your .38 pistol?

Answer: Yes, I did.

Question: Why?

Answer: Because the man had robbed me, I didn't know whether he would be there or not, I thought everything was over, as far as I was concerned it was over, but Gene was unpredictable, especially when he was drinking and taking those pills, you could never tell about the man."

The defendant's statement coupled with the admitted facts that deceased had fired three shots in the near proximity of defendant's head and had threatened to kill defendant, to our mind is a sufficient basis upon which the charge should have been given.

We further point out that the court through its instruction on provoking a difficulty limited defendant's right of self-defense. He should then also instruct as to defendant's right to arm himself in anticipation of danger from the deceased. State v. Burkett, 30 N.M. 382, 234 P. 681 (1925) and authorities therein cited. Also see State v. Welch, 37 N.M. 549, 25 P.2d 211, (1933), and State v. Moss, 24 N.M. 59, 172 P. 199 (1918). The following language contained in *Burkett* is particularly applicable here.

"* * * the minds of the jurors were directed, or at least invited to consider which of the parties provoked the fatal encounter, and whether the killing was for retaliation or revenge, or in self-defense. The fact that the defendant was at the time armed with a deadly weapon which, as he claimed, he had with him for his defense, and in anticipation of the attack, could not fail to impress an intelligent juror as having an important bearing upon these questions. Yet the jury was left in the dark regarding the right of the defendant to arm himself under such circumstances. * * * The fact that defendant was armed was before the jury undisputed. They were at liberty to believe or disbelieve defendant's testimony that he armed himself for defense only. They were not at liberty to dis-

believe that he had a right to arm himself for that purpose. That was a matter of law upon which they should have had instructions from the court."

The court's refusal to give defendant's requested instruction, in our opinion, constituted prejudicial error.

 A further and serious claim of error presented by defendant relates to a portion of instruction No. 27 given over his objection. The questioned portion of the instruction is as follows:

"and if you believe from the evidence that on the occasion of the killing of the said Troyce Gene Hays, the said Troyce Gene Hays made an assault upon the defendant and that such assault was imminently perilous to the life of the defendant or placed him in imminent peril of great bodily harm from the said Troyce Gene Hays, and that the defendant in order to save his own life or to save himself from great bodily harm, shot at and towards the said Troyce Gene Hays, then you are instructed that the killing of the said Troyce Gene Hays was justifiable and excusable and you will in that event acquit the defendant."

The substance of the objection is that the instruction imposes too great a burden of proof upon the defendant in that it requires a proof of self defense as a condition to acquittal, whereas only such evidence need be produced as will create a reasonable doubt in the minds of the jury.

In State v. Pruett, 24 N.M. 68, 172 P. 1044 (1918) we held an instruction in almost identical language to be erroneous in that "it required the defendant to affirmatively establish his plea of self-defense; in other words, that he was required to satisfy the jury that he was justified in taking the life of the deceased; whereas, the law is that he is required only to produce such evidence as will raise in their minds a reasonable doubt upon the proposition."

The instruction, in our opinion, is erroneous and since a new trial is to be directed attention is called to the error in order that it may be avoided in the next trial.

The judgment will be reversed and the cause remanded for a new trial.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.