442 P.2d 797

STATE of New Mexico, Plaintiff-Appellee,
v.
Charles TRAVIS, Defendant-Appellant.
No. 125.

Court of Appeals of New Mexico.
May 31, 1968.

**308**

Joseph H. Mercer, Hanna & Mercer, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant appeals from an order denying without hearing his motion filed pursuant to Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Supp. 1967) ].

Defendant was tried and found guilty of voluntary manslaughter. He was sentenced to confinement in the Penitentiary of New Mexico for a term of from two to ten years commencing September 14, 1965.

An appeal was taken from the judgment and sentence, but apparently the appeal was abandoned. In any event, he now seeks to have the judgment and sentence vacated and the cause remanded for a new trial upon the ground that certain of the court's instructions were improper.

He fully recognizes that proceedings under Rule 93 are not intended as a substitute for an appeal as a means of correcting errors which occur during the course of the trial. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). However, he urges that the claimed errors in the trial court's instructions were so grave as to constitute fundamental error, as that term is defined and explained in State v. Garcia, 46 N.M. 302, 128 P.2d 459 (1942).

There is no question as to the sufficiency of the evidence to support the conviction. The proceedings, decision and judgment of the trial court are entitled to the support of every reasonable intendment and presumption in their favor. Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966) ; Ellis v. Parmer, 76 N.M. 626, 417 P.2d 436 (1966).

Defendant concedes that unless the instructions, which he here attacks, are so fundamentally wrong and prejudicial as to have deprived him of due process, then he must fail.

His first attack is upon the so-called "shotgun" or supplementary instruction given by the court some time after the jury had received the case for its deliberations and had failed to reach a verdict. Unquestionably, the giving of a supplementary instruction has been approved by our Supreme Court. State v. Hatley, 72 N.M. 377, 384 P. 2d 252 (1963) ; Garcia v. Sanchez, 68 N.M. 394, 362 P.2d 779 (1961) ; State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960) ; State v. Moore, 42 N.M. 135, 76 P.2d 19 (1938) ; State v. Hunt, 26 N.M. 160, 189 P. 1111 (1920) ; Territory v. Donahue, 16 N.M. 17, 113 P. 601 (1911). See also State v. Man-

love, (Ct.App.) 441 P.2d 229, decided April 19, 1968.

In State v. Manlove, supra, which was before us on a direct appeal, rather than by collateral attack under Rule 93, we stated that such an instruction is improper if it coerces the jury into agreement or tends to unduly hasten the jury in its consideration of the case. The instruction in question tended to coerce and unduly hasten the jury's consideration of the case, and we might well feel constrained to reverse were the case here on a direct appeal and the error properly preserved for review. However, this is not the situation, and the posture of the case, as above stated, is now quite different.

Since the sufficiency of the evidence to support the conviction is not in question, we cannot possibly say that it fails to support the verdict, or that it conclusively shows defendant did not commit the crime, which we must be able to say before concluding that fundamental error was committed. State v. Olguin, 78 N.M. 661, 437 P.2d 122 (1968); State v. Torres, 78 N.M. 597, 435 P.2d 216 (1967); State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967). Nor are we able to say defendant's guilt is open to such doubt that it would shock the conscience to permit his conviction to stand. State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950); State v. Torres, supra. Nothing said in State v. Garcia, supra, compels a different result. See also State v. Minor, 78 N.M. 680, 437 P. 2d 141 (1968).

■ Defendant next contends that fundamental error was committed by the trial court in giving the instructions on self defense. Only portions of the two instructions given on self defense are claimed to have been erroneous and to have amounted to fundamental error. They are:

1. " * * * And it is for you to determine from all of the evidence whether the claim of the defendant that he acted in self defense is made in good faith or is a mere pretense.

2. "If you believe from the evidence. * * * "

Defendant's position is that the effect of this quoted language was "to require [him] to affirmatively establish his plea of self defense," and that this constituted "a denial of fundamental fairness." He relies upon the cases of State v. Cochran, 78 N.M. 292, 430 P.2d 863 (1967), and State v. Pruett, 24 N.M. 68, 172 P. 1044 (1918).

We do not agree that the effect of the questioned language in the instructions was to require him to establish his plea of self defense, or that this language, when considered with all the other instructions, and particularly with those expressly directed toward the burden of proof, constituted a denial of fundamental fairness. We note that the language quoted above under number "1", as well as the entire self defense instruction of which this language is a part, was specifically approved in almost identical form in State v. Pruett, supra. As to the language quoted above under number "2", the Pruett case cannot be cited as authority for the notion that there is something intrinsically wrong with an instruction merely because it includes the phrase, "if you believe from the evidence," as defendant implies.

Moreover, even if we were to agree that the instructions quoted contain the vice held to be error in the Cochran and Pruett cases, we would still be faced with the fact that, unlike those cases, the errors here were not called to the attention of the trial court, and the appeal from the judgment and sentence was never perfected. Even if these errors had been sufficient to warrant a reversal on a direct appeal, had they been properly preserved in the trial court, they do not constitute fundamental error. See the discussion and cases cited above as to the meaning and circumstances under which the doctrine of fundamental error will be applied.

■ As above stated, Rule 93 proceedings are not intended as a substitute for an appeal as a means of correcting errors which occur in the course of the trial. Our Rule 93 was very largely copied from 28 U.S.C.A. § 2255, and the Federal interpretations of that statute are persuasive as to the interpretations to be made by us of our Rule 93.

State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967); State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967). The Federal cases seem to have uniformly held that questions of error in the law or facts, such as claimed error in instructions, which arise during the trial, must be raised by timely appeal, if the defendant wishes to raise them, and that the remedy provided by § 2255 does not give a defendant the right to have the case tried again because of such claimed error. Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45 (1955); Hastings v. United States, 184 F.2d 939 (9th Cir. 1950); Taylor v. United States, 177 F.2d 194 (4th Cir. 1949); Rush v. United States, 225 F.Supp. 843 (E.D.La.1964).

The order denying the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.