Metcalf, J.
1. The court are of opinion that the testimony *335 of the two witnesses, who had been in the employment of the plaintiff, was rightly received by the auditor. For aught that appears, the release given by them to the plaintiff rendered them .competent. The defendant’s counsel suggests, “ that the plaintiff, if he should lose this case, would have a legal right to charge the costs and expenses thereof on the general fund, and thus decrease the witnesses’ profits.” But we do not know this. If it were so, it should have been made to appear by examination of the witnesses on the voir dire, or otherwise.
2. The filing of new counts, after the auditor had made his report, is no proof that the trial at bar was of a different cause of action from that which appeared on the record when the auditor was appointed. It must be understood, in the present stage of the case, that all the counts were for the same cause of action; no exception having been made to the filing of the last. Amendments are often allowed after all the evidence is introduced; sometimes after verdict. The Rev. Sts. c. 100, § 22, authorize amendments at any time before judgment rendered.
3. The objection, that the auditor had no authority to find the facts which he has reported, is answered by the decision in the case of Locke v. Bennett, 7 Cush. 445.
The auditor’s report was therefore rightly admitted in evidence to the jury.
4. It is objected by the defendant’s counsel, that “if the plaintiff relied on a special demand, he should have alleged it specially; and that it was not enough to allege a general request, without time or place.” Doubtless the law is so, when a special demand is necessary to the maintenance of the action. But, upon examining the various counts in the declaration, we find that neither of them so sets forth the cause of action that it was necessary to allege a special demand. And though such demand is averred in one or two of the counts, yet, as it was a needless averment, it was not necessary to prove it. 1 Saund. Pl. & Ev. (2d ed.) 213. Nor did proof, at the trial, of such needless demand, make any of the counts bad for not averring it.
*336 5. It has been argued for'the defendant, that there was a variance between the contract proved and that which is alleged in some of the counts. It was said that the allegation that the plaintiff was to pay the defendant for his work on the shoes, seven cents per pair, was not sustained by evidence that the plaintiff was to pay six cents in money and one cent by allowing the same on a prior debt, which the defendant owed the plaintiff. We were not much impressed by this argument, and have not deemed it necessary to decide whether it has any force. For if the evidence did not support the counts that alleged the price which the plaintiff was to pay, yet it supported the other counts, which alleged that the defendant undertook, &c., “ for a certain reward or compensation to be paid him by the plaintiff therefor.” There. are precedents for such counts in the books of entries, and the defendant has not, in any stage of this case, taken exceptions to them.
6. It is objected, that the plaintiff cannot recover in an action of assumpsit, if the defendant converted the leather to his own use, or did not, for any cause, return the whole of it. But, upon inspecting the counts, we are of opinion that they are all proper counts in assumpsit, and that the cause of action therein set forth is a breach of contract. We are also of opinion that it is immaterial whether that breach is or is not alleged or proved to have been caused by tortious acts, which would have enabled the plaintiff to maintain an action ex delicto. Church v. Mumford, 11 Johns. 479; 2 Comyn on Contracts, (1st ed.) 559.
7. The refusal of the judge to permit the counsel, who opened the defence, to comment on the evidence introduced by the plaintiff, is no just cause of exception. It was a matter within the judge’s discretion; and we think he wisely, exercised that discretion in this instance. Two counsel conducted the defendant’s cause at the trial; and no right of his was violated, by confining the argument on the evidence to the counsel who closed the defence. We know of no law which, in a civil action, entitles a party, as of right, to two arguments on the same matter.
*337 8. We see no error in the judge’s refusal to permit the questions to be put to the witness, Soule, which the defendant proposed to put. The auditor had stated in his report, which was before the jury, that the defendant had made and delivered to the plaintiff about fifteen thousand pairs of men’s kip brogans, of first quality, and about four thousand pans of boys and youths’ ldp brogans. The defendant called Soule as an expert; and he testified that, in his opinion, “ it would take from 160 to 170 pounds of sole leather, of fair quality, to make 100 pairs of men’s kip brogans of first quality.” The defendant then wished to show that the plaintiff’s leather was such as would require more than 160 or 170 pounds to make 100 pahs of such brogans ; and, for this purpose, he proposed to put to Soule the questions which the judge would not permit to be put. Now if the witness might have been rightly permitted, in any supposable state of the evidence, to give an opinion on that matter, it seems to us very clear that he could never be so permitted, unless it should first appear that he had the means of forming an opinion. It does not appear, in the present case, that he had such means. The exceptions state, that “ some of the defendant’s witnesses described the sole leather which they supposed had been received by the defendant of the plaintiff; ” and that the defendant proposed to ask Soule “ whether he had heard the testimony of two of the defendant’s witnesses, who had testified respecting the plaintiff’s leather.” This question assumed that the witnesses, to whose testimony his attention was directed, had described the plaintiff’s leather; whereas the fact stated in the exceptions is, that the witnesses described leather which they “ supposed” to be the plaintiff’s. The judge may have been of opinion that the identity of the leather was not sufficiently established to warrant the expert to give an opinion on the questions propounded to him. Besides; it does not appear how much leather, in the defendant’s possession, was examined by the two witnesses. Yet the auditor’s report states that the defendant received from the plaintiff, at different times, nearly fifteen tons of sole leather, and that he made nineteen thousand pairs of brogans, of different kinds. It *338 may be that the witnesses examined so little of the leather (even if it were certainly the plaintiff ’s,) that the expert could not properly form an opinion, which ought to be given to the jury, on the questions which were put to him. Whatever was the ground on which these questions to Soule were rejected, the exceptions do not show that the rejection was wrong. Judgment on the verdict