46   35
69   138

46   35.
76   262

### Robert Maxwell v. James Deens.

*Special appeal—Justice's return— Waiver of defects by going to trial—Affidavit for arrest for trespass on lands.*

On special appeal from a justice errors will not be reviewed that do not involve some decision, either express or implied in the exercise of jurisdiction.   Comp. L. § 5432.

A justice's return to a special appeal is assumed to contain all that took place before him; if defective, a farther return should be required, and if a party goes to hearing upon it without objection, he is presumed to have none.

One who joins issue, and goes to hearing on the merits, is generally understood to waive objections to the process which he does not distinctly make known.

A person arrested on justice's warrant, for trespass on land, made no objection to the sufficiency of the affidavit on which the warrant was issued, nor to the regularity of his arrest, but pleaded the general issue with notice that the land was his own freehold, and went to trial. *Held*, that he could not, on special appeal, object for the first time to the sufficiency of the affidavit, even though no right of arrest could be founded on it.

The fact that an affidavit for the arrest of a trespasser on land is defective, does not affect the issue on the merits.

An affidavit for the arrest of a trespasser, does not state the necessary facts if it is made by an agent and merely sets forth that his principal has a good cause of action, as deponent verily believes, against defendant, against whom he applies for process of warrant in behalf of his principal for trespassing on the latter's lands.

Error to Bay.　　Submitted April 7.　　Decided April 13.

TRESPASS.　Plaintiff brings error.　Reversed.

*A. C. Maxwell* for plaintiff in error.　Defects in an affidavit or warrant for arrest for trespass on lands are waived by pleading the general issue, giving notice of special matter and going to trial on the merits: *Hart v. Blake* 31 Mich. 278; *Manhard v. Schott* 37 Mich. 234; *Stewart v. Hill* 1 Mich. 265.

*Gilbert & McCormick* and *Frank S. Pratt* for defendant in error.　The affidavit for the arrest was fatally defective: *Hackett v. Wayne Circuit Judge* 36 Mich. 334; *Brown v. Kelley* 20 Mich. 27; putting in special bail and pleading do not waive jurisdictional defects in an affidavit for arrest: *In re Stephenson* 32 Mich. 61.

CAMPBELL, J.　In this case a suit was brought in a justice's court for trespass on lands, and the defendant Deens was arrested on a warrant.

Plaintiff declared in trespass for damage to the land, and defendant, appearing by attorney, put in the general issue with notice that it was his own close and freehold. He made no claim and filed no bond to transfer the cause to the circuit, and a trial was had and damages were recovered against him.

He then took a special appeal, alleging as special grounds the insufficiency of the affidavit on which the warrant issued, and error in the decision by the justice that the affidavit was in accordance with law. The circuit court of Bay county reversed the judgment on this ground.

Upon examining the justice's return as appearing in the record in this court it does not appear that the defendant ever objected before the justice to the sufficiency of the affidavit or to the regularity of his arrest. No motion or objection of any kind, or for any purpose, was made before the magistrate, and the only action he took was in trying the issue raised by the pleadings.

The statute concerning special appeals does not contemplate the review by the circuit court of errors which do not involve some decision by the justice, either express, or implied in the exercise of jurisdiction. Comp. L. § 5432.

We must assume that the justice's return contains all that occurred before him. If defective a further return should have been required. By going to hearing on it the party signifies that he is content with it. *Case v. Frey*, 24 Mich. 251.

The general rule is that a party who joins issue and goes to a hearing on the merits, waives objections to the process, unless he distinctly makes them known in some way. While much allowance is made in favor of parties under arrest, and a waiver of objections will not be hastily assumed, yet it would be dangerous and misleading for a party to lie by indefinitely and submit himself without some kind of protest to a trial on the merits, and then rely on an objection that he has a right to waive if he chooses. Moreover the affidavit setting up grounds of appeal rests on an alleged decision of the justice which we must assume on this record was never made. We think the defect in the affidavit was waived by going to trial and judgment, without at any stage of the cause bringing the matter to the attention of the justice. *Hart v. Blake* 31 Mich. 278; *Manhard v. Schott* 37 Mich. 234; *Gott v. Brigham* 41 Mich. 227.

In holding this we do not hold that the consequence would be to maintain any right of arrest now or hereafter founded on the affidavit. That is only one means of enforcing the judgment, and depends on matters collateral to the issue on the merits. The affidavit in this case* contains no facts whatever and the circuit court was clearly right in so holding. But as already suggested, we do not think this affects the issue on the merits.

The judgment dismissing the case must be reversed with costs, and the cause remanded for trial.

The other Justices concurred.

---

*State of Michigan, County of Bay, ss.*

Andrew C. Maxwell being duly sworn deposes and says that he is agent for Robert Maxwell, and makes this affidavit in his behalf. Deponent further says that said Robert Maxwell has a good cause of action as deponent verily believes against James Deens, against whom deponent applies for process of warrant, in behalf of said Robert Maxwell for trespassing on the lands of said Robert Maxwell in Bangor in said county, to an amount not exceeding one hundred dollars, and that he has full knowledge of the facts here set forth, and further says not.

ANDREW C. MAXWELL.

Sworn and subscribed before me this 6th day of May, 1880.
DANIEL MANGAN,
Justice of the Peace.