[No. 1364.    March 3, 1911.]

TERRITORY OF NEW MEXICO, Appellee, v. LIZZIE McGRATH, Appellant

### SYLLABUS.

1. Where a crime is a statutory one, the indictment must set forth with clearness and certainty every essential element of which it is composed.

2. Count in which it is charged that the defendant, on a certain day, at a certain place, did, unlawfully, set up and keep a house of prostitution in a certain town, within 700 feet of a certain theatre, contrary to the form of the statute, etc., sufficiently conforms with the statute.

3. If a statute makes criminal the doing of this, or that or that, mentioning several things disjunctively, there is but one offense, which may be committed in different ways; and, in most instances, all may be charged in a single count.

4. Defendant can not be convicted under three separate indictments for one single act.

5. Objectionable matter was merely descriptive, and, though superfluous, was not prejudicial or perplexing.

6. Evidence by which an establishment may be proved a house of prostitution not limited to a proof of only the facts mentioned, but other evidence is admissible and sufficient to establish the fact that a place is a house of prostitution.

Territory v. McGrath, 16 N. M. 202.

7. Testimony examined and found ample to establish the charge that defendant did set up and keep a house of prostitution.

8. Courts will take judicial notice of matters which are so notorious that the production of evidence would be unnecessary.

9. No objection having been made or exception saved to remark of judge on trial, the appellate court will not consider it.

10. Instructions are not a part of the record unless embodied in a bill of exceptions and certified by the court, except in those jurisdictions where the rule has been modified by statute.

11. All papers regularly filed in a cause with the clerk of the district court include only such papers which by statute, or rule, or order of court are required or directed to be filed in a cause.

12. Instruction complained of, held not to be before the court.

Appeal from the District Court of Bernalillo County, before IRA A. ABBOTT, Associate Justice.

W. C. HEACOCK and MILLER & CRAIG for Appellant.

Where an offense is created by statute, it must be charged in the indictment in the language of the statute, or language of equivalent import. Humphreys v. State, 17 Fla. 381; State v. Stiles, 5 La. Ann. 324; State v. Vill, 2 Brev. 252, S. Ca.; State v. Morse, 1 Green 503, Iowa; State v. Fleetwood, 16 Mo. 448; State v. Ellis, 4 Mo. 474; Vaughn v. State, 4 Mo. 530; 25 Tex. 420; 10 Ark. 607; 18 Ark. 195; 4 Met. 357, Mass.; 19 Arg. 405; 2 Gray 356, Mass.; 4 Port. 395, Ala.; 6 R. I. 76; State v. Melville, 11 R. I. 417; 22 Cyc. 335; U. S. v. Clark, Fed. Cas. 14,804; Knowles v. State, 3 Day 103, Conn.; Morse

v. State, 6 Conn. 9; Snowden v. State, 17 Fla. 386; State v. McKenzie, 42 Me. 392; People v. Allen, 5 Denio 76, N. Y.; Boyd v. Commonwealth, 77 Va. 52; Kearney v. State, 48 Md. 16; McGahagan v. State, 17 Fla. 665; State v. Nelson, 8 N. H. 163; State v. Howe, 1 Rich. Law 260; State v. Shields, 8 Blackf. 151; State v. Weil, 89 Ind. 286; Commonwealth v. Powell, 71 Ky. 8; State v. Bach, 25 Mo. App. 554; Burgess v. State, 44 Ala. 190; People v. Suvise, 56 Cal. 396; People v. Clements, 35 Pac. 1022; U. S. v. Patley, 2 Fed. 664; State v. Pearce, 8 Nev. 291; People v. Lawrence, 137 N. Y. 517; McName v. People, 31 Mich. 473; State v. Kendall, 28 Neb. 817; State v. Sammets, 144 Mo. 68.

Failure of proof. Laws 1901, chap. 84, sec. 6; 8 A. & E. Enc. 980; Words and Phrases, sec. 2978; Roberts v. State, 58 N. E. 203, Ind.; People v. Ah Ho, 1 Id. 691; C. L. 1897, sec. 2685, sub-sec. 81.

Court should be most careful in admonishing counsel in presence of the jury. House v. State, 57 S. W. 825; State v. Stowell, 60 Iowa 535; Poole v. State, 76 S. W. 565, Texas; C. L. 1897, secs. 1343, 1347.

Instructions given after jury had been out was error. C. L. 1897, sec. 2994; U. S. v. Densmore, 12 N. M. 99; Brickwood's Sackett on Instructions, secs. 88, 93; Territory v. Griego, 8 N. M. 133; People v. Harris, 43 N. W. 1060, Mich.; McBean v. State, 53 N. W. 497, Wis.

FRANK W. CLANCY, Attorney General for Appellee.

Indictment is not bad for duplicity. 1 Bish. Crim. Pro., secs. 436, 586; Bish. Stat. Crimes., secs. 244, 759.

There was no failure of proof. 4 Wigmore on Evidence, sec. 2580.

It is the duty of the court to protect witnesses against unwarrantable attacks by counsel under the guise of cross examination. C. L. 1897, secs. 1333, 1347, 3025, 3026; 2 Wigmore on Evidence, sec. 983; Turnpike Coal Co. v. Loomis, 32 N. Y. 132.

Instructions are no part of the record of a case unless they are embodied in a bill of exceptions and certified by

Territory v. McGrath, 16 N. M. 202.

the court. .Thompson v. Riggs, 5 Wall. 675; Clune v. U.
S., 159 U. S. 593; C. L. 1897, secs. 2994, 2997, 3405; Allen v.
U. S., 1164 U. S. 501; Commonwealth v. Tuey, 8 Cush.
1; U. S. v. Densmore, 12 N. M. 99.

## STATEMENT OF THE CASE.

The defendant and appellant was convicted of having
set up and kept a house of prostitution in the City of Al-
buquerque, within seven hundred feet of the halls of the
Masonic and Knights of Columbus orders and of the Pas-
time theatre, and she was fined $100.00 and costs, from
which conviction she appeals. The statute appellant was
convicted of violating is as follows: "That every person
who shall set up or keep a brothel, bawdy house, house of
assignation or prostitution, in any town, city or village
in the Territory of New Mexico, within seven hundred
feet of any school house, college, seminary or other in-
stitution of learning, or any church, opera house, theatre,
hall of any benevolent or fraternal society, or other place
of public assemblage, shall, on conviction thereof, be ad-
judged guilty of a misdemeanor," x x x x Laws of 1901,
ch. 84, sec. 1, p. 16.

## OPINION OF THE COURT.

MECHEM, J.—The indictment in this case contains
two counts. By the first count it is charged that the de-
fendant "did set up and keep a house of prostitution and
ill fame at, and within, the city of Albuquerque." Then
follow averments descriptive in common law pleading of
a house of prostitution, at considerable length, and con-
cluding with the averments that said house of prostitution
was so kept and set up within seven hundred feet "of the
regular hall and place of meeting and location of Temple
Lodge No. 6, Ancient Free and Accepted Masons, being
then and there a duly organized, chartered and acting
benevolent and fraternal society in said city, and did then
and there wilfully, wrongfully and unlawfully set up and
keep and maintain said house of prostitution and of ill
fame, at all the times alleged within seven hundred (700)
feet of the Pastime Theatre and the place of location there-

of, said place of location being then and there a theatre building for theatrical and dramatic exhibitions, in the said city of Albuquerque, and did, then and there, and at all times alleged in this indictment, set up and keep and maintain said house of prostitution and of ill fame in the city of Albuquerque aforesaid, within seven hundred (700) feet of the regular hall and place of meeting and the designated location of the Knights of Columbus, a duly organized, acting and chartered benevolent society, in the city of Albuquerque, New Mexico, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of New Mexico."

The second count is similar in all respects to the first count, except that defendant was charged with having set up and kept "a brothel, bawdy house and house of assignation."

Counsel for appellants demurred to the indictment. Their demurrer was overruled, and now they renew some of their objections so taken. They argue that the allegation that defendant did set up and keep "a house of prostitution and ill fame" is not sufficient to make it certain that the act charged is the act forbidden by the statute, which prohibits the setting up and keeping of "a brothel, bawdy house, house of assignation or prostitution." Counsel for appellant cite in their brief, and on the argument called our particular attention to, the opinion in Armour Packing Co. v. U. S., 82 C. C. A., (8th Cir.) 135, 153 Fed. 1, 14 L. R. A. 400-413, wherein, Judge Sanborn states the rule that must govern this court in passing upon the sufficiency of an indictment based upon a statutory offense. The learned judge says: "It is considered that, where a crime is a statutory one, the indictment must set forth with clearness and certainty every essential element of which it is composed. It must portray the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet, and to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or an acquittal in defense of another prosecution for the

same offense, and so clearly that the court may be able to determine whether or not the facts there stated are sufficient to support a conviction." Ledbetter v. United States, 170 U. S. 606, 610, 42 L. ed. 1162, 1163, 18 Sup. Ct. Rep. 774, and cases cited. Our statute denounces the setting up and keeping of a brothel, or a bawdy house, or a house of assignation, or a house of prostitution, in a city, etc., within seven hundred feet of certain public places to be an offense, and a count in which it is charged that the defendant, on a certain day, at a certain place, did, unlawfully, set up and keep a house of prostitution in a certain town, within seven hundred feet of a certain theatre, contrary to the form of the statute, etc., sufficiently conforms to the rule above stated, and that is the charge contained in the first count of this indictment.

It is said that the first count is bad because it charges two seperate and distinct offenses, to-wit: "The setting up and keeping of a place prohibited by law." The statute says: "That every person who shall set up or keep a brothel, etc.," upon conviction, shall be adjudged guilty of a misdemeanor. This court, in Eaton v. Territory, 13 N. M. 79, adopted as the law in this Territory the following statement by Bishop in his work on New Criminal Procedure, vol. 1, sec. 586, ( 4 ed.) : "If a statute makes criminal the doing of this, or that or that, mentioning several things, disjunctively, there is but one offense, which may be committed in different ways; and, in most instances, all may be charged in a single count. But the conjunction 'and' must, ordinarily, in the indictment take the place of 'or' in the statute; else it will be ill as being uncertain." And the same author, also, says: "By proper and ordinary construction a person who in one transaction does all, violates the statute but once, and incurs only one penalty," and, "therefore an indictment under such a statute may allege in a single count, that the defendant did as many of the forbidden things as the pleader chooses, using the conjunction 'and' where the statute has 'or,' and it will not be double, and it will be established at the trial by

proof of any one of them." 1 Bish. New Crim. Proc.,
secs. 436, 586; Bish. Stat. Crimes, secs. 244, 759.

Another objection urged is that both the first and
second counts charged three separate and distinct offens-
es in naming three separate and distinct places alleged to be
within seven hundred feet of the house of prostitution. The
attorney general, in his brief, replying to this objection,
well says: "If it could be maintained that three offenses
could be committed by keeping one prohibited house,
within the forbidden distance of three separate
theatres, then it would follow that this defendant might
be convicted under three separate indictments for one
single act of setting up and keeping her house. This is
simply unthinkable, and does violence to the language of
the act. There is but one offense charged, and that is,
the setting up or keeping of her house, and one conviction
would be a bar to any other prosecution, no matter how
many theatres or society halls might be within seven hund-
red feet." We think the reply of the attorney general
disposes of this objection.

As before stated, the pleader set forth at great length
matters descriptive of the house of prostitution and ill
fame, using what appear to be allegations of a common
law indictment for setting up and keeping a bawdy house,
and counsel for appellant object to what they say are the
"many, unnecessary, superfluous, meaningless, immaterial
and inconsistent averments contained in the indictment.
While, in general, superfluous matter contained in an in-
dictment may be rejected and does not vitiate it, this is not
true when such matter is perplexing to a person of ordinary
intelligence, or of such nature as to be prejudicial to the
rights of the defendant, or so prolific as to prejudice the
defendant in making his defense." We do not, however,
agree with counsel for appellant that, the superfluous mat-
ter objected to could be perplexing to a person of ordinary
intelligence or prejudicial to the rights of the defendant,
or so prolific as to prejudice the defendant in making her
defense. The objectionable matter is merely de-
scriptive of the house of prostitution, and, though
superfluous, we cannot think in any wise perplexed

the defendant or her counsel or was prejudicial to her rights.

Section 6, Chapter 84, Laws of 1901, provides that: "Any saloon, or other place where drinks are served, frequented by women having the general reputation of being prostitutes, shall be considered a bawdy house, brothel, house of assignation or prostitution, within the meaning of this act." This section does not limit the evidence by which an establishment may be proved to be a house of prostitution to a proof of only the facts mentioned and no others, but other evidence is admissible and sufficient to establish the fact that a place is a house of prostitution, and this disposes of appellant's contention that there was lack of evidence to prove that the house defendant was shown to have kept was a house of prostitution, because the proof did not conform to the above section.

We have examined the testimony which is before us in the record, and find it ample to establish the charge that defendant did set up and keep a house of prostitution. It was conclusively shown by the evidence that the house of defendant was within seven hundred feet of the halls of the Masonic and Knights of Columbus societies, but, it is claimed by her counsel that, there is an entire failure of proof that they, or either of them, are benevolent or fraternal societies. Courts will take judicial notice of "matters which are so notorious that the production of evidence would be unnecessary." 4 Wigmore on Evidence, sec. 2565.

In their brief counsel complain of certain remarks made by the judge during the trial, but no objection was made at the time. The court was not asked to withdraw the remarks: "No objection having been made or exception saved to the remark, according to the well established rule in this territory, we will not consider it." Per Mills, C. J., in Territory v. Taylor, 11 N. M. 588-603.

After the jury had been out some time, they were called into court by the judge, and, upon his motion, they were further instructed, and to the instruction so given the applicant excepted and assigns error. It is insisted by

the Territory that the instruction is not before us for review, for the reason that it was not incorporated in the bill of exceptions, but it is included in the transcript made and certified to by the clerk. There can be no doubt but that instructions are not a part of the record, unless embodied in a bill of exceptions and certified by the court, except in those jurisdictions where the rule has been modified by statute. Thompson v. Riggs, 5 Wall. 675; Clune v. U. S., 159 U. S. 593; United States v. Sena, 15 N. M. 187. If the rule has been changed in this jurisdiction it is by Section 22, Chapter 57, Laws of 1907, which provides: "Section 22. Record Proper: All entries, orders and rulings of record in the clerk's office, and all papers regularly filed in a cause with the clerk of the district court shall be considered a part of the record proper." Is an instruction a paper "regularly filed in a cause with the clerk of the district court?" " 'Regularly' means constituted, appointed, or conducted in a proper manner, or conformable to law or custom." In re Liquor Certificate No. 14,111, 51 N. Y. Supp. 281: "The word 'regularly' is defined as meaning in a regular manner; in a way or method accordant to rule or established mode." City of Bellville v. Citizens Horse Ry. Co., 32 N. E. 585; Words and Phrases 6040. We hold that, "all papers regularly filed in a cause with the clerk of the district court" include only such papers which by statute, or rule, or order of court are required or directed to be filed in a cause.

Section 2997 of the Compiled Laws of 1897, directs that "all instructions demanded must be filed and shall become a part of the record," but there is no statutory direction for the filing of instructions given by the court on its motion, nor is there a rule to that effect, nor were the instructions in this case ordered by the trial judge to be filed. We, therefore, hold that the instruction complained of is not before this court for review. Finding no error, the judgment of the lower court is affirmed.

Frank W. Parker, A. J.—I dissent from the holding that the instructions are not before us for review.