## RYAN v CONOVER et

Ohio Appeals, 1st Dist., Hamilton Co.

Decided Dec. 20, 1937.

Ginocchio and Ginocchio, Cincinnati, for appellant.

Cohen, Mack & Hurtig, Cincinnati, for appellees.

## OPINION

By MATTHEWS, J.

The Common Pleas Court of Hamilton county instructed the jury to return a verdict for the defendants upon the plaintiff's opening statement. Judgment was rendered upon this verdict, and this appeal on questions of law is from that judgment.

The action is against the deputy marshal of the village of Mason and the surety upon his bond.

The allegations of the petition are that the defendant Conover "acting in his capacity of deputy marshal" halted the plaintiff on the state highway south of the village and made an unlawful demand upon him for $5, as cash bond for his appearance four days thereafter in the mayor's court, for an alleged violation of a municipal ordinance. The plaintiff refused to furnish bond, but promised to appear at the time and place specified. This was not satisfactory to the officer. The plaintiff proceeded on his way and the officer followed him and finally drew alongside and displaying a pistol threatened to shoot plaintiff's tires unless he stopped. The plaintiff then "in fear of his life" stopped "his car and descended therefrom, and defendant Conover in the presence of divers and sundry good people, did proceed to abuse and bully plaintiff to his great embarrassment and extreme humiliation."

The allegations proceed, and show that Conover was joined by another deputy marshal and that they forced the plaintiff to accompany them back to the village where the "defendant Conover maliciously, without cause, and with intent to harass plaintiff filed an affidavit charging plaintiff with reckless driving, speeding and resisting arrest." The petition closes with a recital of the damages resulting. It does not disclose what disposition was made of the charges made against the plaintiff.

The opening statement of the plaintiff to the jury makes clear what was obscure in the petition, namely that the plaintiff was operating an automobile at the time and that the deputy marshal was on a motorcycle, that he overtook the plaintiff after he had gotten a short distance beyond the village and required him to stop, and then told him he had violated a traffic law while passing through the village and that "You will have to give me five dollars cash bond to secure your

presence here Saturday morning." While the statement is rather vague, at this point, it is clear that the plaintiff refused to deposit the cash bond, but expressed a willingness to appear at the trial. and, as the defendant Conover would not consent to that, the plaintiff drove off pursued by Conover. Finally, the plaintiff submitted and was taken before the mayor, where he gave bond for his appearance. At the trial he pleaded guilty and was fined ten dollars and the costs.

Now the question is whether the opening statement in the light of the allegations of the petition show any cause of action.

While the plaintiff alleged in his petition that he was put in fear, there is nothing in the opening statement on that subject and the circumstances set forth are not such as would cause reasonable fear of immediate physical violence. There was, then, no cause for action for assault shown, and, as there was no claim that there was any touching of the person of the plaintiff, no cause of action for a battery was presented.

As the plaintiff pleaded guilty to the charge made against him by the defendant, Conover, the plaintiff's claim in this action cannot be sustained as an action for malicious prosecution.

The case must be sustained, if at all, as an action for false arrest, followed by false imprisonment during the interval between arrest and the issuance of the warrant at his appearance before the mayor on the same morning. Can it be sustained upon that theory?

The case bears many points of resemblance to that of **Drolesbaugh v Hill**, 64 Oh St 257, but that case was decided upon demurrer to the petition, in which an assault and battery were clearly alleged which is in contrast to the facts here presented. The court held that the petition stated a cause of action against the constable and his surety, the court saying in the syllabus that:

"The sureties on the bond of an officer, conditioned for the faithful discharge of his duties, are liable thereon to the party injured, where under color of his office in making an arrest with or without warrant, and without probable cause, he uses more force and violence than is necessary."

And at page 265 in the opinion of the court it is said:

"He may have made the arrest upon view, and have used no more force than was necessary. If such is the case, he and his sureties may defend themselves by setting up the facts in an answer. The petition therefore makes a case."

In the case at bar on the contrary no more force than necessary was used to make the arrest and no liability is shown unless it appears that there was no right at all to make the arrest.

An officer may arrest a person when circumstances exist that would cause a reasonable person to believe that a crime has been committed in his presence. §13422-1 GC; Beck v Cincinnati, 43 Oh Ap 257 (10 Abs 436), 6 Corpus Juris, Secundum, 595; 3 Oh Jur. 140. And this is true even though no offense had actually been committed and, consequently, no civil liability attaches to him on account thereof. 3 Oh Jur. 176. And in order to make the arrest he may pursue the person into any part of the state. §4386, GC. When the arrest is for violating a traffic law and a judicial officer is not accessible, the arresting officer may take a cash deposit for appearance at the trial. §12627, GC.

In the case at bar it is clear from plaintiff's opening statement that at least two of the offenses were committed in the presence of the officer, and he was, therefore, authorized in arresting, if the appearance would have caused a reasonable person to so act.

It is clear no arrest was made when appellant was first accosted. **Barger v State, 13 Oh Ap. 370.**

However, it is the law as stated in Drolesbaugh v Hill, supra, that justification under authority of law of acts that would otherwise be an infringement of private rights is an affirmative defense, and it is urged that as the defendants did not plead such defense they waived it.

We do not believe the defendants are precluded under the circumstances of this case from relying upon the defense of lawful authority. The record shows that the plaintiff in his opening statement, in answer to a question of the court, stated that he had pleaded guilty to the charges made against him, and paid the fine and costs assessed against him. Thereupon, the defendants moved for an instructed verdict, which the court granted. This certainly disproves any intention to waive

the defense, and the remaining question is whether the defendants were required to amend their answers in order to rely upon the defense. We believe it would have been a useless ceremony, which the law does not require. If the defense was good it was conclusively proven by the plaintiff's admission and the case was in shape for judgment without further formality.

As the plaintiff has not admitted that the circumstances justified an arrest without warrant, we are brought finally to the question of whether an informality in an arrest is waived by pleading guilty. In 4 Am. Jur., 83, it is said:

"Where an arrest is not void ab initio, but merely illegal because of some irregularity, the person arrested may either expressly waive the illegality of his arrest, or he may impliedly waive it by his conduct in pleading guilty * * *."

And in **18 Oh Jur., 1000** and **1001**, we find it stated that:

"Whether an arrest is made by virtue of a warrant, or in pursuance of the authority vested by statute to arrest under certain circumstances without process and the person arrested is tried and convicted of the offense for which the arrest is made, the officer is fully protected from a civil action by the party arrested. Such conviction is conclusive of the right of the officer in making the arrest to the same extent as if the arrest had been made under a warrant."

The only citation in 18 Oh Jur., supra, is **Billington v Hoverman, 18 O C C, 637**, and it fully supports the text just quoted. Another Ohio case not cited which reaches the same conclusion is Erie Rd Co v Reigherd, 166 Fed. 247, (16 Am Cas 459, 20 L R A. (N S) 295). This latter case cites with approval Billington v Hoverman. At page 250, the court says:

"But if we assume that there was evidence upon which Reigherd might have gone to the jury upon the question as to whether he was arrested upon a view of the special officer, or whether in point of fact he was either intoxicated or disorderly, or that the arrest was made without probable cause to believe that he was at the time of arrest either intoxicated or disorderly, the plaintiff, by his voluntary waiver of a warrant, and his voluntary plea of guilty, thereby waived any right to deny the legality of his arrest or detention. So are the weight of the authorities and the clear preponderance of reason. 2 Am & Eng Ency p 910; **Billington v Hoverman, 18 Oh Cir Ct R 637**; Williamson v Wilcox, 63 Mass. 335; Howe Mach Co v Lincoln, 24 Kan 123; Junction City v Keefee, 40 Kan 275; 19 Pac 735; Williams v Shillaber, 153 Mass. 541, 27 N. E. 767; Saunders v Gallaher, 2 Humph. (Tenn.) 445; Ilsley v Harris, 10 Wis. 95; Maxwell v Deens, 46 Mich. 35, 8 N. W., 561."

While there is some conflict in the authorities in other jurisdictions, these cases, we believe, state the better rule, and as they purport to declare the law of Ohio in cases in which the facts are substantially identical with the facts of the instant case should be followed.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.