77 P.2d 633

**STATE v. SALAZAR.**

No. 4341.

Supreme Court of New Mexico.

March 7, 1938.

L. S. Wilson, of Raton, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

ZINN, Justice.

The defendant (appellant here) appeals from a conviction in the district court of Colfax county. He was convicted of the crime of committing burglary of the shop of the Harvey Cleaners, contrary to the provisions of 1929 Comp.St., § 35-1503. He was sentenced to serve a term in the state penitentiary of not less than four and one-half years and not more than five years.

Section 35-1503, supra, is as follows: "Breaking and entering warehouses, etc. Every person who shall break and enter, in the night time, any office, shop, or warehouse, not adjoining to nor occupied as a dwelling house, with the intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state penitentiary not more than three years nor less than one year."

The defendant was charged by information in the following language: "* * * Did then and there commit burglary of the shop of the Harvey Cleaners in Raton."

At the conclusion of the State's case, the defendant demurred to the evidence and moved for a dismissal of the case. Among other reasons given, the one pertinent to this appeal is the following: "Because it is alleged in said information that the shop was owned by the Harvey Cleaners, and it appears that the shop was under the sole ownership of Joe Howard and nowhere does it appear that the Harvey Cleaners was the owner or had anything whatever to do with the ownership of said business, shop, or whatever it was."

The defendant also requested the court to instruct the jury as follows: "You are instructed that since there was no evidence given to the effect that any shop belonging to the Harvey Cleaners was broken into, if you so find, your verdict should be for the defendant."

The motion to dismiss was denied, and the court refused to give the requested instruction.

After the jury brought in its verdict, the defendant made a motion in arrest of judgment, as follows: "Comes now the defendant and moves an arrest of judgment in this case because burglary was alleged in the information to have been for the shop of the Harvey Cleaners, whereas all the evidence shows it was the shop of Joe Howard and not the shop of the Harvey Cleaners."

Error is assigned upon the theory that there was a fatal variance between the allegations in the information and the proof. The information charged burglary of the shop of the Harvey Cleaners, whereas the proof shows burglary of a cleaning and pressing establishment operated by one Joe Howard.

We believe that the defendant by his motion in arrest of judgment called the court's attention to what amounted to a failure of proof to support a material allegation in the information, to wit, identity of the place burglarized.

Comp.St.1929, § 35-1503, defines the crime of burglary in the nighttime with felonious intent of any office, shop, or warehouse not adjoining to, nor occupied as, a dwelling house. The identity of the place burglarized is an essential element of a crime of this nature. That is a matter of substance.

"There are certain crimes and offenses which are not local in their nature. The particular place in which they are committed need not be alleged, or, if alleged, the indictment may be sustained although the evidence shows the offense was committed in some other place in the same county. Simple larceny and an assault are examples of this class of offenses. * * * In an indictment for an offense in its nature local the allegation of place is a necessary part of the description of the offense, and must be proved as laid. Cases of larceny from a building, burglary, arson, entering and being in a close by night for the purpose of taking game, desecrating a burial place, and of nuisance in a highway, are examples of this class. * * * 'When a place is stated as matter of local description, a variance between the description of it in the indictment and the evidence will be fatal.' Archb. Cr. Pl. 41, 97, 107, 108, 264; 3 Chit. Cr. Law, 365; Steph. Pl. 291; Rosc. Cr. Ev. 363. * * * It is not, perhaps, possible to reconcile all the authorities upon the point in question; but we think it will be found that the authorities generally affirm that, where the place is stated, not as venue, but as matter of local description, a variance between the description of it in the indictment and the evidence on the trial will be fatal. It was necessary that the indictment should mention the dwelling house, for the offense charged against the defendant consisted in breaking and entering it and stealing therefrom." State v. Kelley, 66 N. H. 577, 29 A. 843, 844.

The proof identifies the shop burglarized as that of Joe Howard. The record does not disclose whether the shop of Joe Howard, which was the place burglarized, is one and the same as the shop of "the Harvey Cleaners" as charged in the information. We have searched the record and cannot find the connection. This we deem a material variance.

In informations or indictments for burglary, a material variance between the charge and proof is fatal. Wharton's Criminal Law, Vol. 2, § 1034.

For the reasons given, the cause will be reversed and remanded, with directions to discharge the defendant.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.