430 P.2d 386

STATE of New Mexico, Plaintiff-Appellee,

v.

Frank J. HUDSON, Jr., Defendant-Appellant.

No. 8127.

Supreme Court of New Mexico.

July 17, 1967.

Courtney Vallentine, O. R. Adams, Jr., Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Gary O. O'Dowd, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Appellant Hudson was charged with burglary, convicted, and sentenced to serve one to five years in the New Mexico State Penitentiary. From this sentence he appeals.

Appellant was arrested and jailed in the early morning hours of November 23, 1965. Complainant Jose U. Otero testified that he had formed the habit of sleeping at his drugstore because the store had been broken into previously and he wished to protect his business. During the early morning hours of November 23, 1965, Mr. Otero stated he awoke to the sounds of someone attempting to force entry through the back door of the drugstore. He got up, dressed, and observed someone breaking in through

a rear window. He saw appellant Hudson enter through the window, stand inside, move forward and trip the alarm. At this point, Mr. Otero, with drawn revolver, arrested appellant who surrendered. Mr. Otero had appellant undress, explaining that he did this in order to more effectively immobilize appellant. Three other people who heard the alarm arrived and they held appellant at gun point while Mr. Otero whipped appellant with a whip. Mr. Otero explained that he whipped appellant because appellant laughed and mocked him and made him angry "with his display of arrogance."

Appellant Hudson's version of what occurred is that he had been gambling in the vicinity of Belen, left with two strangers in their car to return to Albuquerque, and stopped briefly on the roadside near Otero's drugstore. While appellant was out of the car, Jose U. Otero who was holding a gun, approached him, directed appellant to the back of the drugstore, where he hit appellant and knocked him inside the open back door. Appellant stated that the other two occupants of the car in which he had been riding left as Otero forced appellant to the back of the building at gunpoint. Otero then ordered appellant to undress, beat him with a bull whip while he was stripped of his clothing, and thereafter beat appellant further with the whip in the presence of the other people with guns who arrived later.

The state policeman, who took appellant into custody, testified that he did not serve a warrant on appellant at that time; did not see appellant commit any crime or attempt to commit any crime; that he took appellant into custody because Jose U. Otero, the owner of the drugstore, told him he had caught appellant inside the drugstore; that he did no investigating, leaving that function to the sheriff's department, but that he did notice the rear window was open in the drugstore.

■ Appellant's first point is that the procedure by the State is not in accord with the intent of §§ 41–1–1 through 41–1–3, N.M.S.A., 1953 Comp., in that neither the

original complaint signed by Jose U. Otero apparently on November 24, 1965, nor the complaint which he signed, apparently on November 27, 1965, complied with the purpose of the statutes requiring an affidavit which details the essential facts known to the complainant. Appellant contends that the State's procedure is contrary to Art. II, §§ 10, 18, Constitution of New Mexico; State v. Trujillo, 33 N.M. 370, 266 P. 922; and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, in that those provisions prohibit unlawful arrest; prohibit arrest even with warrant, unless based upon personal knowledge of a witness under oath who appeared before the judicial officer authorizing the arrest or holding of a defendant.

Appellant's first contention is without merit because appellant has misconstrued the criminal procedure set out in §§ 41–1–2 and 41–1–3, supra. It appears that appellant was properly arrested without warrant on probable cause, and appellant was properly before the justice of the peace, regardless of the validity of the final complaint.

■ Implicit in appellant's argument are the assumptions that the state policeman made the arrest and, if this is true, that the arrest by the state policeman was without probable cause. We do not so view the facts. It is obvious from the decision that the jury chose to believe Jose U. Otero's version of what occurred rather than appellant's version. This court has consistently held that the jury are the judges of the weight and credibility of evidence. Territory v. Maxwell, 2 N.M. 250, 37 P.St.Rpt. 250. And we have held that the jury is not bound to believe defendant's evidence and may take into consideration the fact that he is the defendant and give his evidence such weight as, under all the circumstances they may think him entitled to. State v. Moss, 24 N.M. 59, 172 P. 199. In Chavez v. United States (10th Cir. 1958), 258 F.2d 816, it was held that in a criminal prosecution, jurors have a right and duty to determine credibility and to believe, in a particu-

lar case, the testimony of a law enforcement officer over that of a defendant.

■ There is sufficient evidence in the instant case for the jury to have chosen to believe Jose U. Otero rather than appellant. Thus it follows that the facts, accepted as true by the jury, show probable cause for Jose U. Otero, as a citizen, to have arrested appellant. Territory v. McGinnis, 10 N.M. 269, 61 P. 208; State v. Barreras, 64 N.M. 300, 328 P.2d 74. Whether the state policeman's subsequent action is considered as merely receiving custody of one under arrest, or is considered to be a second arrest, seems a rather fine point. However, if considered an arrest, there appears to have been grounds for probable cause. In State v. Selgado, 76 N.M. 187, 413 P.2d 469, we stated:

> " * * * He may arrest without a warrant when the circumstances are such as to warrant a reasonable person in believing that an offense has been committed by the person whom he then arrests. Ryan v. Conover, 59 Ohio App. 361, 18 N.E.2d 277, and see Cave v. Cooley, supra [48 N.M. 478, 152 P.2d 886]. There is then a material distinction between that which would be required to sustain a conviction for an offense and that which is sufficient to justify a peace officer in arresting for a supposed commission of such offense."

See also, Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Henry v. United States, 361 U.S. 98, 80 S. Ct. 168, 4 L.Ed.2d 134; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035.

Thus, we think the justice of the peace had jurisdiction over appellant to conduct the preliminary hearing and find support for this decision in State v. Barreras, supra, wherein the defendant was arrested without warrant and a preliminary hearing held. That appeal was based upon the fact that no warrant had been issued compelling the appearance of defendant at the preliminary hearing. We there said:

> "We hold that § 41–3–1, N.M.S.A. 1953, gives jurisdiction over the person of an accused who has already been arrested with probable cause and who is under confinement, and that § 41–3–8 does not further require that a warrant shall issue."

In the instant case appellant was arrested on probable cause and, although at the time appellant appeared for his preliminary hearing he was not under confinement but on bail, we do not think this fact is sufficient to justify distingushing this case from the decision in State v. Barreras, supra. The justice of the peace acquired lawful jurisdiction over the person of appellant when he was arrested on probable cause, and the procedures that followed were proper.

Appellant's second point is that he was tried by a jury on an information charging that he entered a dwelling. He contends that there is fatal error, not because the question is whether Otero or others sometimes slept in the drugstore, thereby making it a dwelling, but that the critical question is whether the proof offered by the State properly identified the building shown in the information and the one claimed to have been burglarized, as the same building. Appellant argues that the proof is insufficient and cites State v. Salazar, 42 N.M. 308, 77 P.2d 633, in support thereof. In State v. Salazar, supra, the defendant was charged with "burglary of the shop of the Harvey Cleaners in Raton." We held:

> "The proof identifies the shop burglarized as that of Joe Howard. The record does not disclose whether the shop of Joe Howard, which was the place burglarized, is one and the same as the shop of 'the Harvey Cleaners' as charged in the information. We have searched the record and cannot find the connection. This we deem a material variance."

■ In the present case, there is no material variance. The charge as laid was that appellant "did enter a dwelling belonging to Jose U. Otero." The proof offered by the State showed: (1) That the building entered was owned by Jose U.

Otero; (2) that the building was designed for occupancy and use by humans and that, prior to the burglary, the building had been adapted for such use on a 24-hour basis, thus assuming the character of a dwelling; and (3) that the State proved which of the dwellings owned by Jose U. Otero had been entered, by showing its location within the town and its relationship with respect to the other dwelling owned and occupied by Jose U. Otero.

■ In his third point, appellant argues several different matters, the first being the trial court's refusal to admit certain testimony and exhibits offered by appellant.

In the cross-examination of Jose U. Otero, appellant's counsel asked certain questions, to which objections were sustained:

"Q. Now, don't you know, Mr. Otero, that it is a criminal offense for you to imprison someone and whip them?

"MR. SEDILLO: I object to that, your honor.

"THE COURT: Objection sustained.

"Q. Have you ever had a man take off their clothes before you at a prior time?

"MR. SEDILLO: I object to that, your honor.

"THE COURT: Objection sustained. " * * *

"Q. Are you now, or have you ever been under the care of a psychiatrist?

"MR. SEDILLO: I object to that question, your honor.

"THE COURT: Objection sustained."

The record reveals that, after the objection was sustained, counsel for appellant failed to make a tender of what he intended to show, or what he hoped to show, as required by the rules laid down in State v. Martin, 32 N.M. 48, 250 P. 842, and in State v. Roybal, 33 N.M. 540, 273 P. 919. Because of such failure, appellant cannot now raise this point on appeal. We are aware of the restriction placed on this rule by our decision in State v. Clarkson, 58 N.M. 56, 265 P.2d 670. In that case, we pointed out that the question asked would have elicited an answer that was already within the knowledge of the trial judge, and that the question was obvious and proper. In the instant case, a tender of proof was necessary because, while the questions may have been proper, we do not think the answers that could have been elicited were clearly obvious or already within the knowledge of the trial judge.

■ Appellant next argues under this point that it was error not to have admitted certain pictures of appellant's back. If this be error, it is harmless error. Several witnesses testified to the fact that Jose U. Otero whipped the appellant. In addition, testimony was read into the trial record of the doctor who observed appellant at the jail and described the condition of his back. Because of that extensive testimony, the pictures would have been merely cumulative.

■ Appellant's last argument under point III is that certain remarks made by the district attorney were reversible error. The remarks complained of are:

"MR. SEDILLO: I would like to explain something to the court.

"MR. ADAMS: We object to Mr. Sedillo's speeches.

"MR. SEDILLO: I am not making a speech.

"THE COURT: Go ahead, Mr. Sedillo.

"MR. SEDILLO: When we draw up a complaint, we make the prosecuting witness sign enough copies so that we can serve the defendant. We served the defendant that copy on the day of the preliminary hearing.

"MR. ADAMS: Since Mr. Sedillo testified, Mr. Sedillo heard Judge Place state that this was not in existence until the 27th.

"* * *

"Q. I want you to show me where you said what Mr. Sedillo said you said. I will give you all of your testimony. 'Did you bother his clothes? I just went through his pockets like that.' Now, you show me in here where you said anything like Mr. Sedillo said you said. There is all your testimony.

"THE COURT: I am not going to let him read that whole thing.

"MR. SEDILLO: He didn't say anything there about going through your pockets. He can do it from the outside."

While these remarks may have been improper, appellant's argument does not show they were prejudicial to appellant. It further appears from the record that appellant failed to preserve error, if it was error, by alerting the trial court by specific objection.

Appellant's final point is based upon the supposition that it is common knowledge that the slightest twist of a steel sash window will burst the glass and that, since the glass was not broken, the testimony of Jose U. Otero is incredible. Appellant cites Larsen v. Bliss, 43 N.M. 265, 91 P.2d 811, as support for his contention.

In Larsen v. Bliss, supra, plaintiff claimed that defendant, while passing plaintiff's car, "struck and sideswiped" plaintiff's trailer and that, as a result of the collision, plaintiff's trailer and car overturned. It was established during the trial that the trailer was made of Masonite one-tenth of an inch thick, which could be crushed in the human hand. However, the evidence showed there was no more than a scratch on the trailer. Defendant argued that plaintiff's story was incredible because the trailer was not more severely damaged. This court said:

"It is a reasonable conclusion that a blow sufficient to cause a car to leave the road would crush a material as flimsy as Masonite. But can we say because such an effect is reasonable and probable that any other effect is inherently impossible? * * *"

The judgment was affirmed as the evidence was not wholly impossible of belief.

Appellant's argument on this point is without merit. In the Larsen case, evidence was offered to show how flimsy the Masonite was and the ease with which it might be crushed. In the instant case, the record reveals nothing to support appellant's contention that the glass in a steel sash window will burst on the slightest twist of the frame. Nor do we think such a fact, if true, can be the subject of judicial notice, because it is not a matter which is so notorious that the production of evidence would be unnecessary. See, Territory v. McGrath, 16 N.M. 202, 114 P. 364.

Appellant also contends that the testimony, as to the manner of entry, cannot be believed because no tools were found on appellant or at the scene, and because Jose U. Otero testified that appellant entered feet first through a window seven to eight feet from the ground. This appears to be an attack on the credibility of the testimony of Jose U. Otero and we can only state again that "[t]he trier of the facts, and not this court, is the judge of the credibility of the witnesses and the weight to be given the evidence." State v. Romero, 76 N.M. 449, 415 P.2d 837; Kilpatrick v. State, 58 N.M. 88, 265 P.2d 978. There is substantial evidence in this case to support the verdict of the jury and the same is conclusive on appeal. State v. Romero, supra.

Finding no error, the judgment is affirmed.

It is so ordered.

NOBLE, J., and E. T. HENSLEY, JR., C. J., Court of Appeals, concur.