## MATLOCK

v.

## OHIO DEPARTMENT OF LIQUOR CONTROL.

Court of Claims of Ohio.

No. 93–15747.

Decided March 22, 1996.

---

14

*Louis Jay Chodosh,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Velda K. Hofacker,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

Plaintiff, Cherie L. Matlock, alleges that defendant, Ohio Department of Liquor Control, committed assault and battery upon her person, falsely arrested and imprisoned her, maliciously prosecuted her, and committed further negligent acts. Plaintiff dismissed her Section 1983, Title 42, U.S.Code action at trial. This court notes that plaintiff also seeks a determination of immunity, pursuant to R.C. 2743.02(F), regarding defendant's agent, Harrold Torrens.

This action was heard on November 13, 1995, on the issues of liability and the R.C. 2743.02(F) determination.

On December 4, 1992, plaintiff was a patron of O'Jager's Pub (also known as "Tom's Club"), a tavern located in Cincinnati, Ohio. Plaintiff arrived at around 8:30 p.m., accompanied by her friend, Thomas Strauss. She consumed three cocktails of Seagram's 7 and coke before 12:00 a.m. As she was about to leave at around 1:00 a.m., she went to the rest room.

Defendant's agents, Harrold Torrens and Edward Yee, were investigating citizens' complaints of underage drinking at O'Jager's Pub. Both entered the bar separately just after midnight. As a result of their undercover work at O'Jager's, they identified themselves as liquor control agents, then confronted and cited an underage female patron. After issuing citations for underage drinking and for unlawfully supplying alcohol to a minor, a male patron of the bar confronted Agents Yee and Torrens. The male patron then grabbed a pool cue and threatened both agents. Agents Yee and Torrens then arrested the male patron and escorted him out of the bar. They did not use handcuffs. As they were walking out of the bar, Strauss hit Agent Torrens. In the ensuing scuffle, the male patron fled from the bar while Agent Torrens shouted at Strauss and told him that he was a state police officer. Eventually, Agent Torrens subdued Strauss and pinned him against a wall.

It was at about this time that plaintiff exited the rest room. Upon seeing Agent Torrens handling Strauss, plaintiff rushed over and grabbed Agent Torrens from behind. Agent Torrens pushed plaintiff away. Plaintiff then grabbed Agent Torrens's shirt. Agent Torrens responded by pushing plaintiff's head down to immobilize her body. In the process of having her head shoved down onto a nearby cooler, plaintiff cut her forehead. Plaintiff refused medical treatment. Agent Torrens suffered a laceration on his lip during the scuffle. Several buttons of Agent Torrens's shirt were missing and his shirt was ripped.

Soon after, the Deer Park Police Department arrived at the scene. Plaintiff was arrested and charged with knowingly attempting to cause physical harm upon an investigator of the Ohio Department of Liquor Control, a violation of R.C. 2963.13.

In examining plaintiff's cause of action, the court will first determine whether Agent Torrens is entitled to immunity pursuant to R.C. 2743.02(F).

R.C. 9.86 reads:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were *manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.*" (Emphasis added.)

R.C. 2743.02(F) provides:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

Thus, the court must determine whether Agent Torrens acted manifestly outside the scope of his employment.

In order to prove that Agent Torrens was acting outside the scope of his employment, plaintiff must show that the employee's act has no relationship to the conduct of the state's business or that the conduct is so divergent that its very character severs the employer-employee relationship. *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App.3d 86, 89, 548 N.E.2d 991, 994.

Upon review, plaintiff has not proved that Agent Torrens was acting outside the scope of his employment. Further, assuming *arguendo* that Agent Torrens may have acted unreasonably in his attempt to subdue plaintiff, his actions were not manifestly outside the scope of his employment. State employees can act unreasonably and still be within the scope of their duty so as to permit the doctrine of *respondeat superior* to subject their employer, the state, to potential liability. *James H. v. Ohio Dept. of Mental Health & Mental Retardation* (1980), 1 Ohio App.3d 60, 61, 1 OBR 6, 7, 439 N.E.2d 437, 439. Thus, the court finds that Agent Torrens was not acting manifestly outside the scope of his employment on December 4, 1992. In fact, Agent Torrens did not act unreasonably. He was threatened by the physical attack on him by plaintiff and used the force he needed to subdue her. Consequently, Agent Torrens is entitled to immunity for his actions.

Next, this court must determine plaintiff's causes of action which related to assault and battery. "Battery" is defined as "an intentional, unconsented-to contact with another." *Snyder v. Turk* (1993), 90 Ohio App.3d 18, 23, 627 N.E.2d 1053, 1057, motion to certify record overruled (1994), 68 Ohio St.3d 1430, 624 N.E.2d 1067. The Franklin County Court of Appeals has held that liability for the intentional tort of battery occurs when there is a harmful or offensive contact. *Scott v. Perkins* (App.1975), 74 O.O.2d 280. This rule is the same as the Restatement of Torts' view and the Supreme Court of Ohio's view. Restatement of the Law 2d, Torts (1965) 25, Section 13, and 35, Section 19, and *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167, and fn. 3. Similarly, assault is the beginning of an act which, if consummated, would constitute battery. The act must also be such as to cause reasonable fear of immediate physical violence. See *Ryan v. Conover* (1937), 59 Ohio App. 361, 11 O.O. 565, 18 N.E.2d 277; 6 Ohio Jurisprudence 3d (1980) 102, Assault–Civil Aspects, Section 4.

The key to both torts is the element of intent. In Ohio, "it is well-established that intent to inflict personal injury upon another is an essential element of an action based upon assault and battery." 6 Ohio Jurisprudence 3d (1980) 103–104, Assault–Civil Aspects, Section 5; *Scott v. Perkins* (App.1975), 74 O.O.2d 280 (holding that for an act to constitute battery, the actor must know that his act will bring about a harmful or offensive contact).

In the case at bar, plaintiff's counsel admitted during closing arguments that Agent Torrens did not mean to assault plaintiff. By admitting this statement, plaintiff negates the most essential element of an intentional tort—the intent. In fact, plaintiff admitted that Agent Torrens inadvertently overreacted to the situation. Furthermore, Agent Torrens testified that when he first had physical contact with plaintiff, he was responding to her attack upon him. Agent Torrens further testified that he did not intend to harm plaintiff. Consequently, plaintiff has not proven the intentional torts of assault and battery by a preponderance of the evidence, and these causes of action are dismissed.

Next, plaintiff did not prove by a preponderance of the evidence that her arrest was unlawful or that her prosecution was malicious. Reasonable suspicion or probable cause existed to arrest her for the crime of assault on a police officer, pursuant to R.C. 2903.13. Therefore, this claim must similarly fail.

Finally, plaintiff raises a negligence issue with Agent Torrens's behavior. In a claim predicated on negligence, the plaintiff has the burden of proving by a preponderance of the evidence, the existence of a duty, the breach of that duty, and injury resulting proximately therefrom. See *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469.

Plaintiff claims that Agent Torrens overreacted to the situation. Based upon all the evidence, this court finds that Agent Torrens did not act unreasonably and, consequently, he did not breach a standard of care to plaintiff. Agent Torrens was attacked by plaintiff, and he took reasonable efforts to subdue her. Plaintiff ripped Harrold Torrens's shirt, tore off the buttons on his shirt, and split his lip. Thus, Agent Torrens acted reasonably in his use of force. As a result, plaintiff has failed to prove negligence by a preponderance of the evidence. Therefore, judgment is rendered in favor of defendant.

The court finds that Harrold Torrens is immune from liability pursuant to R.C. 2743.02(F) and, consequently, the court of common pleas does not have jurisdiction over the civil action.

*Judgment for defendant.*