This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSE MENDOZA,**

Worker-Appellant

v.                                                            **No. A-1-CA-36364**

**PES PAYROLL and BERKELEY SPECIALTY UNDERWRITING MANAGERS,**

Employer/Insurer-Appellees,

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Jose Mendoza
Santa Fe, NM

Pro Se Appellant

Garcia Law Group, LLC
Katherine E. Tourek
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}   Worker Jose Mendoza (Worker) appeals the compensation order of the Workers' Compensation Judge (WCJ). In response to Worker's docketing statement, we issued a calendar notice proposing to affirm. Now pro se, Worker has filed a memorandum in opposition (MIO). After due consideration, we are unpersuaded and therefore affirm.

{2}   To the extent possible, we will avoid repetition of background, analytical principles, and analysis set forth in our calendar notice. Worker revisits the issues raised in his docketing statement.

{3}   Worker contends that the Workers' Compensation Administration committed reversible error when the WCJ failed to take judicial notice of Worker's award of Social Security Disability Benefits (SSDB). [MIO 3; DS 2] Among the reasons we offered in our calendar notice for proposing to reject this contention of error is that Worker did not indicate when, how, or even if, Worker petitioned the court to take judicial notice of the fact that he was granted SSDB. [CN 2] In his MIO, worker indicates that he offered a proposed finding of fact on the basis of his testimony, and also seems to have offered supporting documentation in the form of an exhibit. [MIO 3-4; RP 189 ¶ 122; RP 200] Worker summarizes this as "evidence . . . introduced to the court." [MIO 3] Worker has not indicated whether, how, or if he asked the court to take judicial notice of his SSDB, as distinct from providing evidence of his SSDB.

2

*See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Moreover, Worker's argument that he presented evidence to the court indicating that he was granted SSDB signals that his SSDB is not the sort of fact subject to judicial notice. *See State v. Hudson*, 1967-NMSC-164, ¶ 18, 78 N.M. 228, 430 P.2d 386 (stating that a fact that is not "so notorious that the production of evidence would be unnecessary" cannot be the subject of judicial notice). Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we reject this contention of error.

**{4}** Worker seems to contend that the district court committed error by ruling that he does not qualify for workers' compensation benefits on the basis of his vision problems. [MIO 32; MIO 5-13; DS 3] We engage in whole record review to review workers' compensation orders. *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted). Although we may not "view favorable evidence with total disregard

to contravening evidence[,]" *Ruiz v. Los Lunas Pub. Sch.*, 2013-NMCA-085, ¶ 5, 308 P.3d 983, (internal quotation marks and citation omitted, and the fact-finder "[cannot] reject uncontradicted medical evidence that [a] disability is causally connected to [an] accidental injury[,]" *Banks v. IMC Kalium Carlsbad Potash Co.*, 2003-NMCA-016, ¶ 18, 133 N.M. 199, 62 P.3d 290, "[a]bsent unequivocal and uncontradicted testimony establishing causation, a workers' compensation judge is charged with weighing expert opinion[,]" *Trujillo v. Los Alamos Nat'l Lab.*, 2016-NMCA-041, ¶ 44, 368 P.3d 1259. In other words, when we engage in whole record review, we cannot "choose between two fairly conflicting views," regardless of whether we might have made a different choice under a less deferential standard of review. *Id.* ¶ 45 (internal quotation marks and citation omitted).

{5}      Worker has not addressed or challenged the evidence to which we pointed in our notice of proposed summary disposition indicating that Worker's vision-related complaints were not related to the work-related accident. [See CN 3-4] Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we reject this contention of error. *See Grine ex rel. Grine v. Peabody Nat. Res.*, 2005-NMCA-075, ¶ 30, 137 N.M. 649, 114 P.3d 329 ("The rule is established that where conflicting medical testimony is presented as to whether a medical probability of causal connection existed between [the injury] and work being performed, the trial

4

court's determination will be affirmed." (internal quotation marks and citation omitted)), *rev'd on other grounds*, 2006-NMSC-031, 140 N.M. 30, 139 P.3d 190

{6}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**